### Anna B. Richner v. Margaret Kreuter et al.

1. GUARANTY—*Consideration for, is Essential.*—In a contract for guaranty a subsequent agreement which does not form any part of an original contract, nor is supported by the consideration thereof, nor by any new consideration, is a mere *nudum pactum*, of no force or validity.

2. SAME—*Burden of Proving Consideration in Contract of Guaranty.*—The burden of proving a consideration in a contract of guaranty is upon the one suing thereon, the undertaking of the alleged guaranty being in the nature of a promise to pay the debts of another.

Assumpsit, on a contract of guaranty.   Appeal from the Circuit Court
of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding.
Heard in this court at the August term, 1901.   Affirmed.   Opinion filed
March 3, 1902.

W. HENRY MOORE, attorney for appellant.

LOUIS KLINGEL and PETER W. LILL, attorneys for appellees.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion
of the court.

This is an act of assumpsit brought upon the following
agreement in writing :

" BELLEVILLE, ILL., Sept. 11, 1899.
We, and each of us, hereby agree to see that the rent of
the Metropolitan Hotel, at the rate of seventy-five (75) dol-
lars per month, so long as the same is occupied by John
Zellar, as tenant, from August 15, 1899, is fully paid up."

JOHN ZELLER,
KATHERINE SCHREINER,
MARGARET KREUTER."

The declaration contains one count which is in substance
as follows :

" On August 15, 1899, John Zeller, deceased, leased the
Metropolitan Hotel in Belleville for one year from said day,
with privilege of four upon notice, etc., at $75 per month,
payable monthly, at the end of each month on the four-
teenth day thereof, said lease being in writing in duplicate.

Before the execution thereof, said Zeller, as part of the
consideration thereof, agreed to give satisfactory surety
for said lease, but failed to do so; but in order to get
immediate possession of said premises he promised to give
such surety in a few days; and under the express promise
and consideration that he would furnish such surety in
writing, he entered into possession under said lease on said
15th.   On September 11, 1899, the defendants, in pursu-
ance of said contract of surety and to hold the remainder
of said term, entered into the obligation sued on, and in
pursuance of said contract of leasing and said surety, said
premises were occupied until November 15, 1899.   Zeller
died on November 10th, and on the 15th possession of
premises was surrendered by agreement.   Said defendants,
when they signed and delivered said agreement, knew all
the facts and sought to fulfill Zeller's contract of surety and

to secure unexpired term of said lease. At the termination of said lease there was due plaintiff $225, which defendants failed and refused to pay, etc."

Appellees pleaded, first, the general issue; second, the statute of frauds, that there was no agreement, or note, or memorandum of one, in writing, of sufficient form, and third, want of consideration.

Trial by court and judgment for defendants.

The alleged guarantee being to pay the debts of another, to be binding upon appellees it must conform to the conditions of the statute of frauds.

Two issues are involved: First, was there any consideration for the guarantee; second, is it sufficiently definite under the statute of frauds to bind appellees.

No witnesses were introduced for appellees, and there is no material conflict in the evidence.

Appellant was the owner of the Metropolitan Hotel in Belleville, Illinois. On August 15, 1899, she executed a lease in writing, of said premises, to John Zeller, for a term of one year, at a monthly rental of $75 per month, payable at the end of each month. No security was required for the payment of the first year's rent. There was in the lease an agreement to extend the term for four years upon the lessee's giving sixty days' notice in writing, and furnishing security for the rent during the period of the extension.

Zeller, the lessee, died November 10, 1899, and the premises were surrendered on November 15th. The action is to recover rent for the time he was in possession.

Appellant sought to prove a conversation between appellant and Zeller at the time of making the lease, in which he promised to give security for the rent before taking possession. Appellees objected, and the objection was sustained. In this there was no error. They were not present at such conversation, and there is no evidence that when they signed the guarantee they knew anything of such conversation or of such agreement by Zeller. There was an unsigned guarantee for the payment of rent on the back of the lease. At the time of its execution, Zeller said to appellant that Mrs.

Kreuter, one of the appellees, would sign this guarantee. He took the lease to her for her signature to the guarantee, but returned it to appellant unsigned, and was let into possession of the premises under the lease with the guarantee unsigned.    There is no evidence that the guarantee was ever presented to Mrs. Kreuter for her signature, or that she ever knew of Zeller's promise to appellant to procure it. No extension of the term was ever given, or requested, Zeller dying within three months after having possession.

It is apparent from this statement of facts, that the procurement of the lease can not be held as a consideration for the execution of the alleged guarantee.    The evidence does not show that appellees were in any way connected, so far as their knowledge or acquiescence is concerned, in the original contract of leasing.    For all that appears, they may have known nothing of the leasing whatever.    It neither appears, then, that the lease was executed upon their agreement to become sureties for the payment of rent, nor that possession was given under any such agreement.    But it does clearly appear that possession was given after Zeller returned with the guarantee on the back of the lease unsigned, although he had said to appellant that he would procure the signature of Mrs. Kreuter to it.    There was then no consideration to support the guarantee in procuring the lease, or in entering into possession under it.    If there was no consideration to which appellees were in some way parties to the original execution of the lease, there certainly was none for a guarantee on their part for an extension of the term.    There would have to be an extension to constitute a consideration for a guarantee of the rent for the time of such extension.    The evidence not only does not show an extension, but warrants the conclusion that there was none. When the guarantee was signed, Zeller was not in default in the payment of rent, the first month's rent not being then due.    There was then no consideration moving to either Zeller or to appellees on account of an extension, nor any forbearance in the collection of rent by appellant. The fact that the lease was executed and possession taken

under it, without security, and without any provision in the lease that security should be given for the first year's rent, shows a completed contract on the part of both lessor and lessee, nearly a month before the instrument sued on was executed, to which contract appellees were in no way parties nor were even cognizant of it. The original consideration for executing the lease is not, then, a consideration for the execution of the guarantee, nor is an extension of the lease a consideration, as it never was extended. Some consideration must be shown to support the guarantee, and none is shown. The guarantee for this reason is not binding upon appellees.

In McFarland v. Heim, 127 Mo. 327, a case like the case at bar, the court say:

"Nothing is better settled in this State than that a subsequent agreement which does not form any part of an original contract, nor is supported by the original consideration thereof, nor by any new consideration, is a mere *nudeum pactum*, of no force or validity."

We understand this to be also well-settled law in this State. Martin v. Stubbings, 20 Ill. App. 389; Home Nat. Bank of Chicago v. Waterman, 30 Ill. App. 549; Eddy v. Roberts, 17 Ill. 505; Duvant v. Rogers, 71 Ill. 214; Blakely P. Co. v. Barnard, 63 Ill. App. 238; Dryer v. Kadish, 70 Ill. App. 76.

The burden of proving a consideration was upon appellant, the undertaking of the alleged guarantee being in the nature of a promise to pay the debt of another.

No consideration appearing from the evidence in the case, the instrument sued upon is not binding upon appellees.

Taking this view of the case, it is not necessary to discuss the issue as to its sufficiency in form under the statute of frauds. Judgment affirmed.