A. P. Freund Sons, et al., Plaintiffs-Appellants, v. Harold H. Vaupell, et al., Defendant.

## Gen. No. 64–49.

Second District.

September 16, 1964.

Rehearing denied November 18, 1964.

Stanley A. Durka, of Waukegan, for appellants.

Churchill and Baumgartner, of Grayslake, and Joslyn, Parker, Kell & Conerty, of Woodstock, for Hillside Sav. & Loan Ass'n, defendant. Joslyn, Parker, Kell & Conerty, of Woodstock (David R. Joslyn, of counsel), for First Nat. Bank of Woodstock, Melahn, Suburban Ready Mix Corp., and Riverview Home Builders, Inc., defendants. Richard E. Steinbrecher, of Crystal Lake, for Holiday Hills, Inc., appellee.

SCHEINEMAN, J.

This case has been in this court twice before, the first time the appeal was dismissed for lack of a final appealable order. On the second appeal the court reviewed a final order dismissing the suit, and an abstract of the opinion under the same title as the present appeal is reported in 30 Ill App2d 271.

The court there held that there existed a covenant between plaintiffs and the defendant, Holiday Hills, Inc., which was construed to be a covenant not to sue the said corporation, and that it had been acted upon by payments of funds by said corporation. It was held binding on plaintiffs, but the covenant was not a bar to a suit against other defendants. Therefore, the dismissal of the suit was affirmed as to Holiday Hills, Inc. and reversed as to other defendants. The prior decision is binding not only on the parties to that suit but upon the courts in further proceedings in the same litigation. Morris v. Broad-

view, Inc., 338 Ill App 99, 86 NE2d 863; Morganroth v. Pink, 227 Ill App 244.

■ The argument of plaintiffs on this point is that the prior decision is not final and binding, because it did not comply with Section 50 of the Practice Act, Subsection 2, in that it failed to find no just reason to delay enforcement or appeal. That section is regulatory of procedure in the trial court and has nothing to do with procedure in a court of review. The prior decision is final and binding as to Holiday Hills, Inc.

The present appeal is from a final judgment which dismissed the suit as to all parties pursuant to motion attacking the 4th amended complaint. The court found the 4th amended complaint failed to state a cause of action, and because of repeated pleadings of similar issues, denied leave to amend the complaint again.

Since the trial court was bound by the decision on the prior appeal in this court, the denial of leave to file an amended complaint as to Holiday Hills, Inc. is clearly right, and we, therefore, consider only the situation of other defendants.

Involved in this litigation was a proposal to subdivide and improve a large tract of farm land into a subdivision of residential lots. Exhibit A to the complaint is the first contract which was entered into between the owners of the land and Homer Fitzgerald, whereby the latter undertook to develop and subdivide the land and pay for it in installments as the lots were sold.

Under Paragraph 16 of that exhibit Fitzgerald was authorized to assign the agreement to a corporation to be organized by him, and thereupon he would be relieved of personal liability.

The plaintiffs are contractors who do road work, excavating, grading, and other types of construction

3

work. Fitzgerald entered into a contract with plaintiffs (Exhibit C of plaintiffs' complaint). This contract recognized and affirmed the right of Fitzgerald to assign the contract (designated Exhibit A) to a corporation, and upon such assignment and assumption of liability, Fitzgerald was to be relieved of any personal liability under the contract. It is undisputed that this was done. It, therefore, becomes clear that Fitzgerald, one of the defendants, is not subject to litigation against him personally as to any alleged liability under Exhibit A.

Also in the contract, referred to as Exhibit C, first party (plaintiffs) "agrees to, and does hereby, waive any and all right which it may have to claim a lien for work to be performed or material to be furnished hereunder against all or any part of the real estate upon which said work is to be performed or material furnished, and upon request of second party, first party agrees to furnish waivers from any subcontractors of first party."

Since the original suit was filed, additional defendants have been added and apparently others dropped, so that it is difficult to determine the status of the large number of defendants. There appear to be financial institutions who probably have financed the purchase of lots in the subdivision. There are also names of construction firms, and of individuals who appear to be the present owners of lots.

It appears from the pleadings that the only defendant under contract to pay plaintiffs is Holiday Hills, Inc., which is no longer a party to the suit. As to all other defendants, none is shown to have any personal obligation by contract to pay plaintiffs anything. As previously noted, the liability of Fitzgerald ceased upon his assignment to Holiday Hills, Inc. As to all other defendants, none is shown to have any contractual liability to plaintiffs.

4

Sales by Fitzgerald and his successor were made pursuant to the contract with plaintiffs, in which they waived their claim for a lien. There is nothing ambiguous in the waiver, therefore, they cannot assert rights against the land by virtue of a lien.

Plaintiffs assert they have a right against Fitzgerald under the provisions of Paragraph 8 of the contract designated Exhibit C. This is a long and involved paragraph. In our opinion plaintiffs misconstrue its effect. Its real substance is that, if Fitzgerald is about to be defaulted in some contract with another party, Fitzgerald is to notify them and they have the right to assume his interest so that they can pay up and avoid the default, and he agrees to make such agreements as may be necessary to put this into effect. We find nothing in this paragraph or anywhere else purporting to continue personal liability of Fitzgerald to plaintiffs for the payment of their bills, from which he was relieved by his transfer to Holiday Hills, Inc.

Finally, part of the prayer for relief in the complaint was a demand that the property of defendants be sold in what appears to be an attempt to enforce a lien, notwithstanding the lien waiver, and for specific performance.

■ ■ The 4th amended complaint asserts that defendants acquired their interests "with notice or actual knowledge of the agreement and contract marked Exhibit C," etc. And at another portion, asserts that defendants "knowingly permitted first party . . . to improve said real estate," etc. Their knowledge would necessarily include knowledge that plaintiffs waived their lien, and defendants were entitled to rely upon that fact. It is not fraudulent to rely upon a lien waiver when purchasing or improving real estate. A general waiver of a lien is effective and cannot be

5

revived unilaterally. Jankoviak v. Butcher, 22 Ill App 2d 126, 159 NE2d 377.

■ As to the right to have specific performance, we state the following fundamental rule:

> "The fundamental rule that all persons whose rights will be directly affected by a decree in equity must, if within the jurisdiction of the court and legally capable of suing or being sued, be joined as parties, plaintiff or defendant, in order that complete justice may be done and that there may be a final determination of the rights of all parties interested in the subject matter of the controversy, governs the question of parties in suit for specific performance." 49 Am Jur, Specific Performance, Section 157.

The only defendant with whom plaintiffs had a contract which might be specifically enforced was Holiday Hills, Inc., and suit against it is barred by the covenant. Therefore, the most essential party to the suit is not involved, and the remedy for specific performance is not available.

The conclusion is evident that plaintiffs' complaint fails to state a cause of action against any of the defendants, and the final decree against plaintiffs was correct and is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and MORAN, J., concur.