R. J. Vanderlaan, d/b/a R. J. Vanderlaan Construction, Plaintiff-Appellee, v. Berry Construction Company, a Delaware Corporation, J. Everett Sims, Marjorie M. Sims, John J. Molloy and Dorothy J. Molloy, Defendants, J. Everett Sims, Marjorie M. Sims, John J. Molloy, and Dorothy J. Molloy, Defendants-Appellants.

**Gen. No. 11,103.**

Fourth District.

January 26, 1970.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (John E. Fick, of counsel), for appellants.

Wilson, Dyar, Houchen & McDonald, of Decatur (Vernon H. Houchen, of counsel), for appellee.

TRAPP, J.

Plaintiff, a subcontractor, sued Berry, the principal contractor, and the owners of certain real estate, claiming a balance due upon a subcontract. The owners moved to dismiss the complaint for failure to state a cause of action against them. The magistrate denied such motion and the owners elected to stand upon their pleadings. Judgment was entered in favor of the plaintiff in the sum of $1,965.95. The owners appeal. The record shows judgment by default against the contractor in the stated sum.

Plaintiff's Exhibit A, the subcontract concerned, explicitly notes that Berry is the principal contractor and that plaintiff is a subcontractor who is to furnish labor and materials for a portion of the work under the principal contract and that plaintiff is to be paid by Berry, the contractor.

Count I of the complaint alleges the contract between the plaintiff and Berry, performance by the former, and the balance due. The owners are named as defendants to such cause of action. The Count further alleges that the labor and material supplied by plaintiff were to meet the specifications set out in the contract between the owners and Berry. There is no allegation of service of notice of a subcontractor's lien upon the owners as provided in chapter 82, § 24, Ill Rev Stats 1967. It is alleged that at the time plaintiff completed the work, the owners were indebted to the contractor in an amount greater than the balance due plaintiff and that they knew that the plaintiff had not been paid by the contractor.

Count II alleges that the subcontract was prepared "by and at the direction" of the owners and "incorporates" the terms of the principal contract between the contractor and the owners; that the owners received the benefits resulting from plaintiff's construction, and

143

that plaintiff performed in accordance with the directions of the owners' engineer.

The motion to dismiss noted that no facts concerning compliance with the Mechanic's Lien Statute were pleaded; that Count I of the complaint shows, upon its face, that there was no contract between plaintiff and the owner-defendants, and that no other facts are pleaded which state a cause of action against them; that Count II fails to state facts showing any equitable lien in the favor of the plaintiff, but that the pleadings show only a contract between Berry and the plaintiff.

The owners contend that a subcontractor has no cause of action against the owner except as provided by the Mechanic's Lien Statute and that no notice invoking such statute was pleaded or, in fact, given. Chapter 82, §§ 21, 24, Ill Rev Stats 1967.

 In the absence of an express contract with the owner, a subcontractor, or one contracting with a principal contractor, cannot recover against the owner upon a contract theory for there is no employment between them. Peers v. Madison County Board of Education, School Dist. No. 3, 72 Ill 508; Baker v. Mayer, 163 Ill App 391; 9 CJ, 176. As to recovery from the owner, the rights of a subcontractor arise under the Mechanic's Lien Statute. Suddarth v. Rosen, 81 Ill App2d 136, 224 NE2d 602.

In Suddarth there was an action to foreclose a mechanic's lien by a subcontractor. He contended that a notice of a subcontractor's lien as required in chapter 82, § 24, was unnecessary as there was actual notice of plaintiff's claim and that the strict and technical requirement of notice should not defeat recovery for labor and material supplied in good faith by a subcontractor. The court affirmed a judgment for defendant holding that such notice was a condition precedent to a lien and that without such lien the subcontractor could not recover against the owner.

Here the plaintiff contends that the owners should be held liable because they knew of the work and received the benefit thereof. In Campbell v. Day, 90 Ill 363, it is stated that the doctrine that one seeing work done upon his property without objection is liable to the person performing it has no application where the entire work is contracted for and placed under another who has the power to employ whom he chooses. It is said that the owner has the right to presume that such work is being done for and in behalf of the contractor. See also Sloan v. Cleveland, C., C. & St. L. Ry. Co., 140 Ill App 31.

■ The statute providing for a mechanic's lien has long been construed as being in derogation of the common law and strictly construed as to the manner of invoking it. Since plaintiff has not undertaken to state a cause of action in terms of a lien as a subcontractor, it is unnecessary to review his several contentions regarding the owners' alleged duties to procure affidavits from the contractor and retain funds as provided in chapter 82, §§ 5, 24 and 27, Ill Rev Stats 1967.

In view of the law established as to the applications of the Mechanic's Lien Statute, it is unnecessary to discuss at length plaintiff's contention that the principal contract and the subcontract must be construed as one instrument so as to create liability in the defendant-owners.

The magistrate erred in refusing to dismiss the complaint as to the owner-defendants who appeal. The judgment below is reversed and remanded with directions to enter judgment in favor of the owner-defendants who appeal, with costs to be paid by plaintiff.

Reversed and remanded.

CRAVEN, P. J. and SMITH, J., concur.