ROCHELLE VAULT COMPANY, Plaintiff-Appellant, *v.* FIRST NATIONAL BANK OF DE KALB, Trustee for Country Club Estates Trusts, Defendant-Appellee.

(No. 71-177;

Second District—May 19, 1972.

C. M. Glosser, of Rochelle, for appellant.

Tyler & Peskind, of Aurora, and Boyle & Cordes, of De Kalb, both for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

World Construction Company, Inc., was the owner of certain property in or near De Kalb, Illinois, which they had purchased from the Country Club Estates on September 30, 1964. During the period of May 24, 1965, to December 8, 1965, World Construction Company, Inc., employed the plaintiff to pump sewage and do other work on the premises. The plaintiff, Rochelle Vault Company, filed two liens against the property in

question asserting that it was employed by World Construction Company, Inc., the owner, and that there was due on the first lien $4560 and on the second lien the sum of $1375.

Subsequent to the above dates there was a foreclosure of a mortgage on the premises against World Construction Company, Inc., the then owner. Apparently title became vested through the foreclosure in the First National Bank in De Kalb, Trustee for County Club Estates Trusts.

During the foreclosure Rochelle Vault Company executed a "Full Release of Mechanics Lien" on each of the above-mentioned liens. The $4560 claim was released upon the payment of $138 on August 7, 1967. The release of the $1375 mechanic lien claim was filed of record on October 24, 1967.

On July 9, 1970, Rochelle Vault Company sued Country Club Estates for $4560. Subsequently the First National Bank of De Kalb, trustee for Country Club Estates Trusts was substituted as the defendant. In substance, the complaint stated that World Construction Company employed the plaintiff to pump the sewage during the period in question from the premises, upon which the claim for lien had been filed. Following this, the First National Bank in De Kalb as Trustee for Country Club Estates Trusts was substituted as a party defendant. The complaint further alleged that Country Club Estates agreed to pay the bill and in fact did pay $1000 which reduced the bill to the amount of $4560.

Affidavits were subsequently filed in which Rochelle Vault Company stated that "such release, so obtained or so recorded was a misunderstanding and fraudulent as relates to the Rochelle Vault Company and your affiant." A motion to dismiss was filed on behalf of the First National Bank in De Kalb, Trustee for Country Club Estates Trusts, and the case was submitted upon the pleadings and the two affidavits filed by Rochelle Vault. In neither affidavit was any allegation made that Country Club Estates guaranteed or promised payment of the sum in question here to Rochelle Vault Company.

The instant suit is however, not a suit based upon a mechanic's lien claim. It is a suit based upon the complainant's statement that Country Club Estates in substance guaranteed the payment of the work being done on the property owned by another, to-wit: World Construction Company. The trial court dismissed the complaint stating that "Plaintiffs claim has been released and satisfied of record." Initially, it is to be observed that the Mechanics Lien Act, Ill. Rev. Stat. ch. 82, sec. 35 (1969) provides in part:

"Whenever a claim for lien has been filed with the recorder of deeds, either by the contractor or sub-contractor, and is afterward paid, with cost of filing same   *   *   *   the person filing the same or some one

by him duly authorized in writing so to do, shall acknowledge satisfaction or release thereof, in writing * * *.

Such satisfaction or release may be filed with the recorder of deeds in whose office the claim for lien had been filed and when so filed shall forever thereafter discharge and release the claim for lien and shall bar all actions or suits brought or to be brought thereupon."

■■ In the instant case no evidence of fraud appears of record. As a result, the filing of the release of the lien did in fact release the property in question from any claim the plaintiff might have against the property.

We turn then to the plaintiff's contention not substantiated in the record before us that Country Club Estates guaranteed the payment of the bill. We do not feel that it is necessary to determine whether or not the First National Bank in De Kalb, Trustee for Country Club Estates Trust, occupies the position of Country Club Estates, a corporation.

There is no privity of contract between Rochelle Vault Company and Country Club Estates or First National Bank in De Kalb, Trustee for Country Club Estates Trust. The question then arises as to whether there was an effective guarantee by Country Club Estates which would subject them to liability. In *Richner v. Kreuter* (1901), 100 Ill.App. 548, the court, quoting *MacFarland v. Heim*, 127 Mo. 327, with reference to a contract for guarantee, stated:

" '* * * a subsequent agreement which does not form any part of the original contract and is not supported by the consideration thereof nor by any new consideration is a mere *nudeum pactum* of no force or validity.' "

■■ No contractual relationship between the plaintiff and defendant is disclosed in the record either directly or as guarantor. As stated in *Vanderlaan v. Berry Construction Company* (1970), 119 Ill.App.2d 142 255 N.E.2d 615:

"In the absence of an express contract with the owner, a sub-contractor or one contracting with a principal contractor, cannot recover against the owner upon a contract theory for there is no employment between them."

See also *Freund v. Vaupell* (1964), 53 Ill.App.2d 1, 202 N.E.2d 350. Further, neither the complaint nor the affidavits supporting the complaint allege any guaranty by the defendant as contended by counsel for the plaintiff.

The judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.