(No. 74-CC-0666—

METAL AIR CORPORATION, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed September 22, 1977.*

HOLDERMAN, J.

This matter comes before the Court on motion of Respondent to dismiss said cause filed on August 12,

1975, and motion filed by Claimant on March 18, 1977, to rule on the August 12, 1975, motion of Respondent to dismiss.

It appears to the Court that on February 17, 1977, Respondent filed a motion to continue generally.

The Court, being fully advised in the premises, finds:

The motion to dismiss sets forth that in 1964 Metal Air Corporation, along with other various and sundry companies, associations, etc. developed schemes for. rigging bids involving their type of work. The purpose of the scheme was to allow a designated bidder to bid upon a particular project and the rest of the contractors would then submit higher bids.

The Respondent, in its motion, cited the following sections of the statute:

"8. Participation by the Claimant herein in the arrangement described constituted a violation of Section 3 of the "Illinois Anti Trust Act" found in Ill. Rev. Stat., Ch. 38, paras. 60-1 through 60-11.

9. The participation in the arrangment described above constituted a fraud against the State in violation of Sec. 14 of the "Illinois Court of Claims Act."

10. Illinois Rev. Stat., Ch. 127, para. 132.2, 1973 which is section 2 of the "Illinois Purchasing Act" states as follows:

"It is the purpose of this Act and is hereby declared to be the policy of the State that the principal of competitive bidding and economical procurement practices shall be applicable to all purchases and contracts by or for any State agency."

Section 10 of the "Illinois Purchasing Act" provides as follows:

"Any contract entered into or purchase or expenditure of funds by a

State agency in violation of this Act or the rules and regulations adopted in pursuance of this Act is void and of no effect."

The 1969 Illinois Revised Statutes contains slightly different phraseology in Sections 2 and 10 of the "Illinois Purchasing Act" as follows:

"Sec. 2. It is the purpose of this Act and is hereby declared the policy of this State that the principle of competitive bidding and economical procurement practices shall be applicable to all purchases and contracts for which State funds are expended."

"Sec. 10. Any contract entered into or purchase or expenditure of State funds made in violation of this Act or the rules and regulations adopted in pursuance of this Act is void and of no effect."

Respondent concludes its motion by stating that the Claimant's collusive participation in the bid rigging scheme violates both the letter and the spirit of the "Illinois Purchasing Act" and thereby pursuant to Section 10 of the Act renders the contract upon which this claim is based to be totally null and void.

It appears to the Court that Respondent's motion to dismiss is correct. It is the opinion of the Court that this disposes of all the other matters pending and said cause is hereby dismissed.