(No. 77-CC-2300—

Roy E. Hofer, Claimant, *v.* State of Illinois, Respondent.

*Opinion filed October 4, 1978.*

GARY M. ROPSKI, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; FRANCIS M. DONOVAN, Assistant Attorney General, for Respondent.

PER CURIAM.

The Claimant in this case seeks recovery under two counts. The first count prays for an award of $8,134.20 under a contract and supplemental agreement for legal services entered into between the Illinois Pollution Control Board and the Claimant, Roy E. Hofer, of the law firm of Hume, Clement, Brinks, William, and Olds, Ltd., (hereinafter referred to as the Hume firm). The second count prays for an award of $14,786.70 under a theory of quantum meruit for legal services provided to the Illinois Pollution Control Board by the Hume firm.

This cause is before this Court on the basis of the complaint filed on November 29, 1977, and a joint stipulation of facts entered into by the parties hereto. The complaint and the stipulation set forth the following facts:

1. On July 29, 1976, Russel R. Eggert, Assistant Attorney General and Acting Chief, Southern Region, Environmental Control Division of the Attorney General's Office sent a letter to Jacob D. Dumelle, Chairman, Illinois Pollution Control Board (hereinafter referred to as the Board) in which permission was granted to the Board to appear through counsel of its choice in *Caterpillar Tractor Company v. Pollution Control Board, et al., Third District No. 76-114* (hereinafter referred to as the Caterpillar litigation).

2. Pursuant to the grant of authority contained in said letter, the Board entered into an Agreement with Roy E. Hofer on August 12, 1976. The Agreement authorized Hofer to represent the Board and to incur disbursements necessary in Hofer's judgment in the Caterpillar litigation before the Ill. App. 3d. The Board agreed to pay for the legal services

rendered and disbursements incurred, by Hofer and other lawyers and personnel of the Hume firm in representing the Board in the Caterpillar litigation, said legal services not to exceed $5,000.00 unless approved by the Board. No limit was placed on the amount of disbursements allowable according to Hofer's judgment.

3. On October 4, 1976, the Ill. App., 3d entered an order pursuant to Ill. Rev. Stat., Ch. 14, para. 6 "Illinois Attorney General Act" confirming the appointment of Hofer as substitute counsel for the Board.

4. On February 17, 1977, the Board and Hofer entered into a supplemental agreement approving a $6,500.00 fee for legal services rendered by Hofer and the Hume firm through January 31, 1977, in the Caterpillar litigation and further authorized Hofer and the Hume firm to provide legal services in representing the Board at oral argument before the Ill. App., 3d in the Caterpillar litigation. The fee for said legal services was not to exceed $1,250.00 unless approved by the Board. Once again, no limit was placed on the amount of disbursements allowed by the supplemental agreement according to Hofer's judgment.

5. Claimant, Hofer, has provided the services required in said agreement (August 12, 1976) the supplemental agreement (February 17, 1977), has incurred disbursements as a result thereof and has performed all other obligations required of him by the agreement and supplemental agreement.

6. In fulfilling the terms of said agreement and supplemental agreement, Hofer and an associate of the Hume firm spent 129.5 hours and 152 hours respectively for a total of 281.5 hours working on the Caterpillar litigation. For this time, pursuant to said contracts, Claimant seeks an award of $7,750.00 or $27.53 per hour.

7. In fulfilling the terms of his contracts with the Board, Claimant Hofer incurred disbursements in the amount of $384.20 for Xeroxing, long distance telephone calls, and filing fees during the course of the Caterpillar litigation.

8. Claimant, Hofer's total claim under his contracts with the Board is for $8,134.20.

9. The Respondent, the Illinois Pollution Control Board, and the Claimant have entered into a joint stipulation agreeing that the Claimant, Roy E. Hofer, be awarded the sum of $8,134.20.

The award stipulated by the parties hereto is justified because the agreement and supplemental agreement were entered into with the permission of the Attorney General. Furthermore, the appointment of Hofer as counsel for the Board was confirmed by the Ill. App., 3d, pursuant to *Ill. Rev. Stat., ch. 14, para. 6* ("Illinois Attorney General Act").

It is established law in the State of Illinois that the

Attorney General "is the law officer of the people, as represented in the State Government, and its only legal representative in the Courts. *"Fergus v. Russel, 270 Ill. 304; Stein v. Howlett, 52 Ill. 2d 570; People ex rel. Scott v. Briceland, 65 Ill. 2d 485."* See also *1970 Illinois Constitution, Article V, Section 15; Ill. Rev. Stat. ch. 14, para. 4.* As the State's sole legal officer, the Attorney General has the power to permit other attorneys to assist him in performing his responsibilities such as those of representing a State agency, the Illinois Pollution Control Board.

There can be no question that in this case the Board looked to the Attorney General for representation in the Caterpillar litigation, as reflected in the July 29, 1976, letter from Russel R. Eggert. The letter then states:

"[P]ermission is herewith granted to the Pollution Control Board to appear through counsel of its own choice . . . ."

Therefore, this Court is faced with a situation wherein the Attorney General, after due deliberation, granted permission to a State agency to retain outside counsel to appear on its behalf before a Court of this State.

Because the Board sought and obtained permission from the Attorney General to retain private counsel beforehand, the Attorney General retained his role of chief legal officer of the State, and his duties of directing the legal affairs of the State and its agencies. Far from hampering the execution of the Attorney General's duties, the hiring of outside counsel permitted the Attorney General to accomplish his responsibility of ensuring that the Board was properly represented, when other considerations apparently made it difficult, inconvenient or impossible for him or his staff to do so personally.

The facts, now before this Court, further reflect that the Ill. App., 3d, entered an order pursuant to the "Attorney General Act" confirming Claimant, Hofer, as the substitute counsel for the Board. The propriety of Hofer's appointment as counsel is therefore unquestioned.

The second count of the complaint filed herein seeks recovery of $14,786.70 under a theory of quantum meruit. It is established law in the Court of Claims that recovery against the State of Illinois cannot be had in quantum meruit. *Schutte & Koerting Company, et al v. State of Illinois, 22 Ill. Ct. Cl. 591,626*. Therefore, Claimant's plea for relief under Count II of the complaint herein is hereby denied.

Accordingly, based upon the complaint and attached exhibits and the joint stipulation and attached exhibits, this Court hereby awards the Claimant, Roy E. Hofer, the amount of $8,134.20 in full payment and satisfaction for legal services rendered pursuant to the agreement (August 12, 1976) and supplemental agreement (February 17, 1977) with the Illinois Pollution Control Board for representation in the Caterpillar litigation before the Ill. App., 3d.