(No. 77-CC-0967—<span></span>)

BRIGHTON BUILDING MAINTENANCE CO., KRUG EXCAVATING CO., and WESTERN ASPHALT PAVING Co., an Illinois joint venture, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 17, 1982.*

*Order denying petition for relief from judgment filed January 11, 1984.*

WARREN FULLER, for Claimant.

NEIL F. HARTIGAN, Attorney General (SAUL R. WEXLER, Special Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent for summary judgment and objections to said motion by Claimant.

The issue in this matter is whether or not Rossetti Contracting Company, Inc., a subcontractor doing work for the Brighton Building Maintenance Co. and others,

should be paid for extra work done for the State despite the fact that the original contractors suffered the following penalties: Fines of $537,000.00 against each of the three companies; the suspension from eligibility to bid on both State and Federal contracts; and the imprisonment of its two principal officers and shareholders.

It is Claimant's contention that it should not be barred by section 14 of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.14) from pursuing its action and alleges that it had no part in any of the proceedings that led to the punishment of the original contractors.

This Court is faced with the decision of whether or not the taint of Claimant's original fraud in the procurement of the original contract carries over to taint the separate, though related, claim for extra work performed in the saw-cutting operation.

Our interpretation of section 14 of the Court of Claims Act permits us to treat the extra work as being a separate claim, as the rule plainly states that we may disallow claims, or such *parts* thereof as are burdened with fraud.

The Claimant makes a strong, logical and well reasoned case why the original fraud should be blocked out of the Court's consideration in determining the merit of his present claim. Based on his reasoning, we agree we have authority to do so.

This Court, in *Metal Air Corp. v. State* (1977), 32 Ill. Ct. Cl. 103, stated that contracts entered into in which bid rigging is involved are contrary to Illinois statutes and therefore should be dismissed.

The nature of the fraud involved is so blatant that both congressional acts and acts of our legislature have declared a public policy by providing a severe criminal

penalty and civil remedy for treble damages, that we are of the opinion for us to allow the claim would be diluting this public policy declared by our legislative bodies in the type of fraud engaged in by Claimant.

Claim denied.

## ORDER DENYING PETITION FOR RELIEF FROM JUDGMENT

HOLDERMAN, J.

The questions now before the Court arise out of the following history of this case:

Brighton Building Maintenance Co. *et al.* had a prime contract with the State of Illinois for certain road improvements. Claimant here, Rossetti Contracting Co. Inc., was a subcontractor working under the prime contract and had performed substantial services in connection with extra work required. Brighton filed a claim before this Court for the unpaid balance due the prime contractor.

The State moved to dismiss the claim of the prime contractors based on so-called "bid rigging" constituting fraud against the State and thus subject to disallowance under section 14 of the Court of Claims Act. (Ill. Rev. Stat. 1983, ch. 37, par. 439.14.) The fraud was substantiated by evidence and on May 17, 1982, this Court dismissed the claim of the prime contractor. The fraud was the basis of criminal prosecution resulting in guilty verdicts.

Rossetti, as a subcontractor, filed a petition in the original proceedings to intervene on June 20, 1978, which petition was denied by this Court. The petition had been filed by Rossetti because it felt that in light of the State's charge of fraud against the original Claimants, its (Ros-

setti's) interests could or might be inadequately represented and that the State "may attempt to utilize its affirmative defense (fraud) charging the other Claimants with attempting to defraud the State of Illinois, in some fashion so as to deny herein to Rossetti, an acknowledgedly innocent third party". It stated it previously did not intervene as it was not felt necessary because (absent the charge of fraud) the "present Claimants adequately represented its interest".

We were of the opinion in denying the subcontractor's petition to intervene that notwithstanding it was free of any fraudulent conduct, it would be a dilution of the strong public policy against fraud when public funds were involved, to permit the subcontractor to sustain a claim when it was based on or derived through the fraudulent contract involved. (*Wayne Sales Financial Corp. v. State* (1979), 32 Ill. Ct. Cl. 963.) For the Court to direct payment to subcontractors or others who performed under prime contractors would inure to the direct benefit of the prime contractors, thus accomplishing indirectly what couldn't be obtained directly. *Wayne Sales, supra.*

While we recognize that the State has received a benefit from the subcontractor's work, there is a long line of cases which hold that our jurisdiction does not encompass *quantum meruit*. (See *Schutte & Koerting v. State* (1957), 22 Ill. Ct. Cl. 591, 626; *Hofer v. State* (1978), 32 Ill. Ct. Cl. 745.) In this respect we differ from the ordinary courts of general jurisdiction. In addition, persons dealing with the State are held to whatever terms the legislature may impose. (*Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715.) The result of these limitations are oftentimes seen to be harsh, but the legislature has never authorized this Court to act otherwise.

Rossetti, as a subcontractor, had a remedy, had it chosen to pursue it, under section 23 of the Mechanics' Liens Act (Ill. Rev. Stat. 1983, ch. 82, par. 23), which set forth a procedure whereby subcontractors can place a lien on public funds. Rossetti apparently neglected to avail itself of the provisions of this Act.

Even in a court of general jurisdiction, a subcontractor may not maintain a law action against the owner alone. Not having privity of contract with the owner, he may not sue to establish a quasi contractual liability on the theory that it would be an unjust enrichment for the owner to retain the benefit thereof without payment therefore. *Sloan v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1908), 140 Ill. App. 31, 33; *Vanderlaan v. Berry Construction Co.* (1970), 119 Ill. App. 2d 142, 255 N.E.2d 615; *Phillip S. Linder & Co. Inc. v. Edwards* (1973), 13 Ill. App. 3d 365, 300 N.E.2d 283.

In *Vanderlaan v. Berry Construction Co.* (1970), 119 Ill. App. 2d 142, 144, the court said, "In the absence of an express contract with the owner, a subcontractor, or one contracting with a principal contractor, cannot recover against the owner upon a contract theory for there is no employment between them. (Cites omitted.) As to recovery from the owner, the rights of a subcontractor arise under the mechanic lien statute," citing *Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 224 N.E.2d 602.

As to being a third-party beneficiary, the applicable rule is set out in *Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 178 N.E. 498, which states that if the contract is a third-party beneficiary contract, then the third party may sue for breach. The test is whether the benefit to the third party is direct to him or is but an incidental benefit to him arising from a contract. If incidental, he has no right of recovery thereon. This case

cited was not a mechanic lien case, however. A subcontractor is not a third-party beneficiary, as the benefits to him arise as an incidental benefit from the prime contract. Therefore he cannot sue the owner directly.

It now appears from the record before us that Rossetti on December 27, 1982, filed an action in the Circuit Court of Cook County titled *Rossetti Construction Co., Inc. v. The State of Illinois Court of Claims*, No. 82-L-51326. The Respondent moved to dismiss and the motion was argued. On September 22, 1983, the circuit judge directed Rossetti to petition the Court of Claims for redress and if "no relief is granted within 60 days of the Order, Rossetti is given leave to petition this Court for relief at that time". On October 19, 1983, Rossetti filed its present motion to intervene and for relief from judgment. It requests this Court to set aside our order of May 17, 1982, to the extent of its claim. The State moved to strike by motion filed December 5, 1983. From the transcript of the proceedings in the circuit court, it appears that the circuit judge said: "But based on the pleadings only, Rossetti was treated manifestly unfairly," *i.e.*, by the Court of Claims.

The State's position has been at all times that there was no privity between Rossetti and the State, and its claim is derived through the prime contract of Claimants and their claim stands in no better position than the prime contractor; that to permit Rossetti's claim to prevail in such a situation would inure to the benefit of the prime contractors—the wrongdoers; that Rossetti's claim lies solely against the prime contractor, not having pursued the remedy available under the mechanic lien act cited above.

While Rossetti was not and is not charged with any fraud, its position that its claim should have separate

treatment was considered by this Court in the original proceedings.

We are of the opinion that based on the general rules of law relating to rights of subcontractors against owners and based on the overriding matter of public policy being involved, the original order of dismissal entered May 17, 1982, shall stand without alteration.

Motion for relief from judgment denied.