(No. 78-CC-0967—)

COUNTY SALES AND SUPPLY Co., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 9, 1986.*

SAM WEBER, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

An agreed statement of facts was filed and briefs by the parties were then filed.

This is a claim involving replacement of two pairs of air conditioning compressors at a cost of $6,170.16 plus sales tax. This tax accounts for the discrepancy between this amount and the amount being claimed. The original contractor on the project was Triangle Heating Company of Belleville, Illinois, which apparently installed the compressors in May of 1976. However, the superintendent of Triangle, Mr. Mulholland, left the employ of Triangle and became employed by Fritz Plumbing and Heating. At this point the sequence of events becomes confused. The confusion exists as to whether Mr. Mulholland left Triangle before the original replacements were ordered or whether he left between the time of the original replacement being ordered and the second replacement being ordered. In any event, it appears that the State employee involved at Menard Psychiatric Center, preferring to deal directly with Mr. Mulholland, and apparently believing that the

compressors were still under warranty, contacted Mr. Mulholland for both replacements. The State employee's understanding was that there would be no charge. Fritz Plumbing and Heating then ordered at least one of the sets of compressors from County Sales and apparently accepted both sets from them for installation at the institution. Fritz Plumbing and Heating then installed the compressors, after which it developed that there was a dispute by the manufacturer as to whether the original compressors were still under warranty.

While it appears to us that the compressors would have still been under warranty because of the dates on the two invoices relating to the delivery of same from County Sales and Supply, we need not decide that issue.

There was no bidding procedure followed as required by section 6 of the Illinois Purchasing Act (Ill. Rev. Stat. 1977, ch. 127, par. 132.6(5)), for contracts in excess of $2,500.00. Furthermore, as set forth in paragraph 6 of the agreed statement of facts, there was also a failure to place the contract in writing. This failure violated section 10 of the Illinois Purchasing Act. (Ill. Rev. Stat. 1983, ch. 127, par. 132.10.) Finally, the Mechanics' Liens Act provides for a procedure for the filing, by subcontractors, of liens against public funds and the perfecting of said liens. (Ill. Rev. Stat. 1983, ch. 82, par. 23.) At common law, a sovereign enjoyed immunity and there was no mechanism under which subcontractors could perfect a claim against the State. In derogation of the common law, the statute on liens provides for a procedure for the filing of liens and the perfecting thereof, but it must be followed precisely. It was not followed at all in this case.

This is a claim by a supplier who is attempting to enforce payment directly against the State of Illinois,

when in fact he dealt with a contractor (Fritz). There was no valid contract between the State of Illinois and the contractor nor was there any degree of privity between the State of Illinois and the supplier of the items furnished to the contractor.

It is therefore ordered that this claim is dismissed with prejudice.