(No. 91-CC-3407– )

SCHUEPFER PLUMBING INC., Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed May 7, 1997.*
*Order on rehearing filed March 30, 1998.*
*Order filed August 31, 1999.*

LAW OFFICES OF ANTHONY G. SUIZZO (ANTHONY KISELIS, of counsel), for Claimant.

JIM E. RYAN, Attorney General (EDWARD C. SEWARD III, Assistant Attorney General, of counsel), for Respondent.

## ORDER

FREDERICK, J.

This cause comes before the Court on Claimant's motion for summary judgment and Respondent's cross-motion

for summary judgment, and the Court having reviewed all of the pleadings and exhibits, heard the arguments of counsel, and the Court being fully advised in the premises, wherefore, the Court finds:

Claimant filed its verified complaint in the Court of Claims on May 21, 1991. After a motion to dismiss was denied, the parties engaged in considerable discovery. The parties then filed cross-motions for summary judgment which are now before the Court. The parties both argue that there are no genuine issues as to any material issue of fact and that each is entitled to a judgment as a matter of law.

The undisputed facts are that on April 23, 1987, W. G. James, Inc. and the Capitol Development Board entered into CDB Contract No. 87-0929-81 for CDB Project No. 810-032-009 for the William Rainey Harper College Corrective Rehabilitation, phases I and II. Thereafter, W. G. James, Inc. and Claimant, Scheupfer Plumbing, Inc., entered into an oral subcontract whereby Claimant agreed to furnish W. G. James, Inc. with labor, materials, tools, and equipment required to perform a portion of the work on this project. Claimant did furnish labor, materials, tools, and equipment pursuant to its oral contract. Claimant had no contract with the Respondent, State of Illinois. Claimant did not receive payment for a part of the labor, materials, tools, and equipment which it provided in the sum of $46,902.50. There is no dispute that Claimant provided such services, nor any dispute as to the amount owed Claimant.

On May 31, 1989, Claimant filed a public lien notice and bond claim with the State of Illinois. Thereafter, Claimant filed a complaint to foreclose its mechanic's lien against W. G. James, Inc. in circuit court. W. G. James, Inc. prevailed in state court on the grounds that Claimant

failed to file suit on its public lien within 90 days of the filing of notice and failed to file suit on the bond claim notice within 180 days from the date the bond claim notice was filed, as provided by statute.

Claimant argues that it is a third party beneficiary of the State's contract with W. G. James, Inc. It is Claimant's position that the prime contract required W. G. James to provide a labor and material payment bond to guarantee that subcontractors would be paid for the services and materials supplied for the project. This bond was required by 30 ILCS 550—1, *et seq*. Claimant believes this bond requirement was for the direct benefit of subcontractors and makes Claimant a third party beneficiary under the contract.

Claimant filed this action against the State of Illinois as a contract claim, a third party beneficiary claim, and a lien claim. We find there was no contract between Claimant and Respondent and Claimant cannot prevail on a direct contract claim.

A subcontractor cannot generally proceed against the State outside the Mechanics Lien Act in the absence of an allegation that the subcontractor is a third-party beneficiary under the proposed contract. If a contract is entered into for the direct benefit of a third party, not a party thereto, such person may sue for breach of the contract if the benefit to him is direct, but if the benefit to him arising from the contract is only incidental, he has no right to recovery. (*First National Bank of Springfield v. State* (1990), 43 Ill. Ct. Cl. 1.) One issue before the Court is, therefore, whether Claimant is a third party beneficiary of the prime contract. The Court must also consider whether Claimant has failed to comply with the filing provisions of the Mechanics Lien Act. This Court will

strictly construe the provisions of the Mechanics Lien Act. *KSM Sheet Metal Co. v. State* (1986), 39 Ill. Ct. Cl. 41.

Respondent's cross-motion for summary judgment contends that Claimant has no standing to sue because there is no contractual relationship between Claimant and the State of Illinois. (*McNeil Asphalt Co. v. State* (1984), 37 Ill. Ct. Cl. 68); that Claimant is not a third party beneficiary; that Claimant's claim is barred by the doctrine of *res judicata*; that Claimant has failed to exhaust its remedies against W. G. James, Inc. by failing to file its mechanics lien in a timely fashion; and that the claim is barred by the Illinois Purchasing Act, 30 ILCS 505/*et seq.*, because the subcontract was oral and not in writing.

As previously stated, we find that Claimant cannot prevail on a direct contract claim. (*County Sales & Supply Co. v. State* (1986), 38 Ill. Ct. Cl. 73.) Claimant's mechanics lien and bond claim must also fail. Claimant failed to notify the director of CDB of the filing of its verified complaint within 90 days of giving notice of its public lien. Claimant did not serve the CDB with its verified complaint until June 16, 1989. Claimant failed to file verified notice of its bond claim with the CDB within 180 days after the date of the last item of work or the furnishing of the last materials. The last day Claimant provided any labor, material or supplies and services in connection with this claim was January 21, 1988. Claimant, therefore, had until July 20, 1988, to file its verified notice of bond claim with the CDB. In violation of the statutory provisions, Claimant did not serve its verified bond claim notice with CDB until April 23, 1989.

Claimant's mechanics lien claim against W. G. James, Inc. was the subject of a summary judgment motion in

state court. W. G. James prevailed on the basis that Claimant failed to timely file its statutory notice and to timely file its complaint. This is a failure to exhaust remedies and this claim must be denied in the Court of Claims. (section 790.60 of the Court of Claims Regulations, 705 ILCS 505/25.) Failure to comply with the provisions of section 790.60 shall be grounds for dismissal. See section 790.90 of the Court of Claims Regulations (740 Adm. Code 790.90). *Welsh v. State* (1994), 46 Ill. Ct. Cl. 420.

Therefore, Claimant's only possible source for recovery is pursuant to a third party beneficiary claim in the event we were to find that Claimant's failure to timely perfect its mechanics lien remedy against W. G. James, Inc. does not bar this claim for failure to exhaust remedies. We will address that issue later in this order.

The Claimant has no privity of contract with the Respondent and the Claimant has failed to properly sue W. G. James, Inc. with whom they have privity of contract. Because there is no privity of contract with the State and because this Court will only imply a contract in very limited emergency situations, the Claimant seeks to recover against the State of Illinois as a third party beneficiary. This is not an emergency situation where this Court would consider finding an implied contract. There is no other basis upon which Claimant could recover on its claim before this Court.

Therefore, the only way the Claimant could possibly recover is if Claimant is found to be a third party beneficiary of the agreement between the State of Illinois and W. G. James, Inc., which was a public contract. Under Illinois law, there is a strong presumption against creating rights in a third party beneficiary. (*Midwest Concrete Products Co. v. LaSalle National Bank* (1981), 94 Ill. App.

3d 394.) To overcome this presumption, the intent to benefit a third party must affirmatively appear from the language of the instrument and the circumstances surrounding the parties at the time of its execution. (*Bates & Rogers Construction Corp. v. Greeley & Hansen* (1985), 109 Ill. 2d 225.) The Court in *Bates & Rogers, supra,* stated:

"Only third parties who are direct beneficiaries have rights under a contract. It is not enough that the third party will reap incidental benefits from the contract. The test is whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. A third party is a direct beneficiary when the contracting parties have manifested an intent to confer a benefit upon the third party.

With respect to construction contracts this court has held that it is not enough that the parties to the contract know, expect or intend that others will benefit from the construction of the building in that they will be users of it. The contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear." *155 Harbor Drive Condominium Ass'n v. Harbor Point, Inc.* (1991), 209 Ill. App. 3d 631; *Altevogt v. Brinkoetter* (1981), 85 Ill. 2d 44; *Brighton Building Maintenance Co. v. State* (1982), 36 Ill. Ct. Cl. 36.

The Claimant argues that the bond provisions and payment provisions of the prime contract make Claimant a direct and intended beneficiary of the contract. We disagree. The bond provision is an incidental benefit. The State would not even be liable if the State failed to obtain the bond. *Stratford Homes v. State* (1984), 37 Ill. Ct. Cl. 190.

The other benefits cited by Claimant are incidental benefits. The cited provisions involve lien waivers. This Court has found that even payment provisions are incidental.

In *Ables v. United States* (1983), 2 Ct. Cl. 494, *aff'd.* (1984), 732 F. 2d 166, the United States Court of Claims concluded that a provision requiring payment to a third party did not create third party beneficiary rights in that third party.

The contract at issue in *Ables* was an arbitration agreement between the Air Force and a labor union, and the Claimant was an arbitrator who performed services for the parties. The Claimant sought recovery based upon a provision in the arbitration agreement that stated, "Each party shall pay the costs and expenses of the [arbitrator] they [sic] select. The parties shall share equally the costs and expenses of the neutral member." (2 Ct. Cl. at 500.) The Court ruled that the payment provision did not create a third party beneficiary relationship, reasoning that the agreement contemplated that payment would emanate from separate agreements between the parties and the arbitrator.

We find there are no material issues of fact. The Claimant is not a third party beneficiary of the contract between the State of Illinois and W. G. James, Inc. We also find that Respondent has not waived the exhaustion of remedies requirement of sections 790.60 and 790.90 of the Court of Claims Regulations. The cause has not reached the trial stage.

While we recognize that the State has received a benefit from a subcontractor's work, materials, tools and equipment on the Harper project, there is a long line of cases which hold that our jurisdiction does not encompass *quantum meruit*. The result in this case is not harsh because Claimant had a mechanics lien claim and bond claim against W. G. James, Inc. which it failed to properly pursue. This Court cannot adjust the facts to try to pay a subcontractor, as this Court must follow the law. *Brighton Building Maintenance Co. v. State* (1982), 36 Ill. Ct. Cl. 36.

Based on the foregoing, it is the order of the Court:

A. That Claimant's motion for summary judgment is denied.

B. That Respondent's motion for summary judgment is granted.

C. That judgment is entered in favor of Respondent and against Claimant on Claimant's complaint.

D. That Claimant's claim is denied with prejudice.

## ORDER ON REHEARING

FREDERICK, J.

This cause comes before the Court on Claimant's petition for rehearing, and the Court having reviewed the evidence, the pleadings, the Court's opinion, and the Court having heard the arguments of counsel, and the Court being fully advised in the premises, wherefore, the Court finds:

On May 7, 1997, this Court entered an order denying Claimant's motion for summary judgment and granting Respondent's motion for summary judgment. This Court found that Claimant was not a third party beneficiary. The Court indicated there is a strong presumption against creating rights in a third party. The Court adopted the law that the interest to benefit a third party must affirmatively appear from the language of the instrument and the circumstances surrounding the parties at the time of the execution of the contract.

The Claimant has cited our case, *First National Bank of Springfield v. State* (1990), 43 Ill. Ct. Cl. 1, in support of its position. The *First National Bank of Springfield, supra,* decision seems to indicate that a clause in a State contract requiring the architect to review all payments to the contractor and requiring lien waivers creates a third party beneficiary status to all subcontractors. This is clearly not the law as lien waivers are intended to protect the landowner and have only an incidental benefit to

the subcontractors. Such lien waiver clauses are common in most building contracts and would make subcontractors third party beneficiaries in most cases. This is completely contrary to the law which disfavors third party beneficiary status to subcontractors.

To the extent that the clause in *First National Bank of Springfield, supra,* at page 10, was found to create a third party beneficiary status in a subcontractor, we expressly overrule *First National Bank of Springfield v. State* (1990), 43 Ill. Ct. Cl. 1. As Claimant may have relied on *First National Bank of Springfield, supra,* in its dealings with the contractor and the State, our overruling of that case is prospective only.

We are persuaded by Claimant's arguments that under the prior law, Claimant would have been a third party beneficiary. We, therefore, reconsider our prior order and vacate the order of May 7, 1997. We find that Claimant performed the work claimed and, as a third party beneficiary as determined pursuant to our prior, and now overruled, decision, is entitled to a judgment as a matter of law in the amount of $46,902.50. We, therefore, deny Respondent's motion for summary judgment and grant Claimant's motion for summary judgment.

The matter of payment remains to be determined.

It is therefore ordered:

A. That the Court's order of May 7, 1997, is vacated.

B. That summary judgment is granted in favor of Claimant and against Respondent.

C. That Respondent's motion for summary judgment is denied.

D. That within 30 days, Respondent shall file with the Court a statement indicating the following:

(1) Whether the State has retainage of $46,902.50 available from this contract with which it could pay Claimant in full;

(2) That if there is not $46,902.50 available to pay Claimant in full, the amount of monies that lapsed under this contract or which could be transferred from another line item which lapsed which could be used to pay this claim;

(3) That upon receipt of the information required by paragraph D hereof, the Court will enter an order regarding payment of this claim.

## ORDER

FREDERICK, J.

This cause comes on to be heard following the parties' responses to the order entered herein on January 11, 1999.

The Court finds that the Capitol Development Board has access to sufficient funds to pay the award herein.

It is hereby ordered that the Capitol Development Board pay the claim, in care of Claimant's counsel, the sum of $46,902.50.