# Moore v. Parrish.

1. MECHANICS' LIEN—*Filing Statement.*—A compliance with Sec. 4 of Ch. 82, R. S., entitled "Liens" providing for the filing of a statement with the circuit clerk is not material, so far as the owner, who is the principal debtor, is concerned. That statement is only for the purpose of giving notice to third persons. Sec. 4 must be read in connection with Sec. 28 of the same chapter for the purpose of determining the persons to be affected thereby.

2. MECHANICS' LIEN—*Limitation Clauses.*—The limitation clause of the mechanics' lien statute has no application as between the mechanic or material-man and the principal debtor. The limitation is for the benefit of the creditors, and not for the benefit of the debtor.

3. MECHANICS' LIENS—*Not Dependent on Sec. 4.*—The lien itself is not dependent upon Sec. 4, but is given by other sections of the lien law. It is only when the lien comes to be enforced as against the interests of other creditors, incumbrancers or purchasers, that the filing of the statement becomes a prerequisite.

4. MECHANICS' LIEN—*Sufficiency of Statement.*—It is not necessary to determine the sufficiency of the statement as against creditors, incumbrancers, or purchasers, until it appears that there are such third persons

having an interest in the premises. Unless there are such persons the imperfections of the statement, no matter how serious to them, can not be invoked in their behalf until their interest is made to appear. The principal debtor can not, for his protection, invoke a defense which is peculiar to them; and though when invoked by such third persons such defense may prevail to their protection, the principal debtor will not thereby alone be protected from an enforcement of whatever lien, if any, may be found against him.

**Memorandum.**—Mechanics' Lien. In Circuit Court of Cook County; the·Hon. Lorin C. Collins, Judge, presiding. Petition for lien; answer; trial on master's report; decree for defendant; petitioners appeal. Heard in this court at the March term, A. D. 1893. Reversed and remanded. Opinion filed May 11, 1893.

The opinion states the case.

Monroe & McShane and Frank P. Reynolds, attorneys for appellant.

Ashcraft & Gordon, attorneys for appellee.

Opinion of the Court, Shepard, J.

The petition in this cause was for a mechanics' lien by an original contractor. The cause having been referred to a master, a statement, claimed to be in conformity with section 4 of chapter 82, entitled, " Liens " (Rev. Stat. Ill.), was offered in evidence, and being objected to, was excluded by the master, who also, on further objection, refused to permit the appellant to produce evidence in support of his petition, as to an accounting between the parties, on the ground that the statement was not such an one as is required by the mechanics' lien law, and that no lien could be based thereon, and so reported to the Circuit Court.

Exceptions to the report of the master were overruled, and the court confirmed the master's report and dismissed the petition at petitioner's cost.

This court has held that compliance with section 4, *supra*, is not material so far as the owner, who is the principal debtor, is concerned, as that statement is only for the purpose of giving notice to third persons, and that section 4

must be read in connection with section 28 of the same chapter for the purpose of determining the persons to be affected thereby. Berndt v. Annknecht, 50 Ill. App. 402.

It has been repeatedly held that the limitation clause of the mechanics' lien statute has no application as between the mechanic or material-man and the principal debtor; that the limitation is for the benefit of the creditors, and not for the benefit of the debtor. Van Pelt v. Dunford, 58 Ill. 145; Jennings v. Hinkle, 81 Ill. 183.

This may arise, however, from the express provisions of the statute.

But we are unable to see wherein the finding of the statement required by section 4 can serve any good purpose as between the original contractor and the principal debtor, and we can not suppose the legislature intended to require a useless thing to be done.

The information given by such a statement would be no more than what the principal debtor already knew, or had ample means of acquiring, whenever the contractor should demand payment. Its only valuable purpose is to apprise third persons who may have an interest in the premises.

Indeed it is only required when the creditor or contractor desires to avail himself of the provisions of the act; that is to say, when he needs to effectuate his lien by proceedings wherein the rights of third persons may be affected.

The lien itself is not dependent upon section 4, but is given by other sections, and it is only when the lien comes to be enforced as against the interests of other creditors, incumbrancers or purchasers, that the filing of the statement becomes a prerequisite.

If, therefore, as between the petitioner and Parrish, the principal debtor, it was immaterial whether the statement was made in compliance with the statute, the master should have proceeded to hear evidence on the accounting.

Whether the statement was sufficient as against the other parties defendant, who may be either creditors, incumbrancers or purchasers, should not be determined until it be known that there are such third persons having an interest in the

premises. Unless there are such third persons the imperfections of the statement, no matter how serious as to them, can not be invoked in their behalf until their interest shall be made to appear. The principal debtor can not, for his protection, invoke a defense which is peculiar to them; and though when invoked by them the defense may prevail to their protection, still the principal debtor will not thereby alone be protected from an enforcement of whatever lien, if any, may be found against him.

The evidence should have been heard, to determine from it whether, first, on an accounting between the petitioner and the principal debtor there was ground for a lien, and second, whether any of the other defendants had such an interest in the premises as entitled them to be heard, either on the sufficiency of the statement or for any other reason, to question the lien of the petitioner.

The decree of the Circuit Court will therefore be reversed and the cause remanded.