ANTON MOORE

*v.*

CARRIE I. PARISH *et al.*

*Filed at Ottawa March 28, 1896—Rehearing denied November 6, 1896.*

| 163 | 93 |
| 69a | 557 |
| 163 | 93 |
| 169 | 104 |
| 170 | 402 |
| 171 | 292 |
| 163 | 93 |
| 76a | 354 |
| 163 | 93 |
| 90a | 1267 |

1. MECHANICS' LIENS—*requisites of notice of claim for lien—incomplete performance.* A notice of claim for a mechanic's lien under a contract by which the claimant was to furnish material and do the carpenter work on a whole block of buildings, without price fixed for either labor or material or separate items of either, need not itemize the work or material, and properly states the time by giving the period during which the contract was executed. And this is true even though the work was not completed.

2. SAME—*what is a sufficient verification of claim for lien.* An affidavit to a claim for a mechanic's lien, stating that the amount claimed was due and payable from a date named in an exhibit, which was stated to be a just and true statement of the account due the petitioner, is a sufficient verification.

3. SAME—*single lien may cover more than one residence.* A single lien may be had for the carpenter work, under a single contract, upon a building consisting of five residences built as a whole, without reference to any particular house.

4. SAME—*when lien will be apportioned to protect subsequent purchasers.* A single mechanic's lien upon several houses built as a whole, under one contract, will be apportioned and charged against separate portions of the premises, so as to protect the equitable rights of subsequent purchasers and incumbrancers.

*Moore* v. *Parish,* 58 Ill. App. 617, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JAMES C. McSHANE, for appellant:

Where the entire work is done under a contract for a definite price, a statement of the balance due, without attempting to give the various items of work done or material furnished, is sufficient. *Wescott* v. *Bunker,* 83 Me. 499; *Thomas* v. *Huesman,* 10 Ohio St. 152; *Davis* v. *Hines,* id. 473; *Fourth Baptist Church* v. *Trout,* 28 Pa. St. 156; *Gray* v. *Dick,* 97 id. 142; *Lea* v. *Burke,* 66 id. 336; *Sexton* v. *Weaver,* 141 Mass. 274; *Busso* v. *Fette,* 55 Mo. 455; *Hilliker* v. *Francisco,* 65 id. 598; *Sharon Town Co.* v. *Morris,* 39 Kan. 378; *Pue* v. *Hetzel,* 16 Md. 549; *Wilson* v. *Merryman,* 48 id. 338.

When the contract is entire and the price stipulated the claim need not contain an itemized account, and a statement of the balance due is sufficient. *Nealy* v. *Seawright,* 113 Ind. 316; *Knutzen* v. *Hanson,* 28 Neb. 594; *Doyle* v. *Wurdeman,* 35 Mo. App. 330; *McDermott* v. *Class,* 104 Mo. 23; *School District* v. *Howell,* 44 Kan. 285.

ASHCRAFT, GORDON & COX, for appellees:

The statement is void for want of dates and items. *Rush* v. *Able,* 90 Pa. St. 153; *Bayer* v. *Reeside,* 14 id. 167; *McClintock* v. *Rush,* 63 id. 203; *Johnson* v. *Gold,* 32 Minn. 535; *McDonald* v. *Rosengarten,* 134 Ill. 126; 35 Ill. App. 71; *Campbell* v. *Jacobson,* 46 Ill. App. 287; 145 Ill. 389; Phillips on

Mechanics' Liens, sec. 359; *Valentine* v. *Rawson,* 57 Iowa, 179; *Holtschneider* v. *Page,* 51 Mo. App. 285.

The lien notice is bad, because it does not state what part or portion is for work or what part for materials. *Shackelford* v. *Beck,* 80 Va. 573; *Greene* v. *Ely,* 2 G. Greene, 508; *Valentine* v. *Rawson,* 57 Iowa, 179.

A statement of balance due is not sufficient. *Graves* v. *Peirce,* 53 Mo. 423; *McWilliams* v. *Allan,* 45 id. 573; *Burrough* v. *White,* 18 Mo. App. 229; *Foster* v. *Wulfing,* 20 id. 85; *Lowis* v. *Cutter,* 6 id. 54; *Rude* v. *Mitchell,* 97 Mo. 365; *Coe* v.*Ritter,* 86 id. 277.

The affidavit is not sufficient. *McDonald* v. *Rosengarten,* 134 Ill. 127; 35 Ill. App. 71; *Campbell* v. *Jacobson,* 145 Ill. 389; *Lumber Co.* v. *Halsey,* 41 Ill. App. 349.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant was petitioner in the circuit court in a proceeding to establish a mechanic's lien upon certain premises, under a contract made with James A. Parish, who was the owner of the premises at the time the work was done.    Appellees were defendants in that proceeding, and were interested in the premises as owners and subsequent incumbrancers.    The petition was dismissed by the circuit court, and the decree dismissing the same has been affirmed by the Appellate Court.

The petition averred the making of a contract by the petitioner with James A. Parish, the owner, for doing the carpenter work and furnishing the materials for the same in the erection of a block of five dwelling houses built together as one building, for the agreed price of $7760, and that he partly performed said contract, until Parish took it out of his hands.    It further alleged that after making said contract the petitioner and Parish entered into separate contracts for other work on the buildings, at the agreed price of $566, to be completed and paid for at the time and in the manner agreed upon

in the original contract; that Parish failed to pay installments due according to the terms of the contracts, by which petitioner was prevented from completing the work, as well as by Parish taking it out of petitioner's hands; that Parish was entitled to certain credits named in the petition, and a sum stated as requisite to finish the work, and that there was a balance of $3753 due the petitioner for work and material. On a reference of the case to the master the petitioner offered in evidence a claim for a lien filed March 25, 1891, in the office of the clerk of the circuit court of Cook county, where the premises were situated, which was as follows:

"STATE OF ILLINOIS, } ss.
    *County of Cook.* }

"Anton Moore *vs.* James A. Parish.—Claim for Lien.

"Anton Moore, being first duly sworn, on oath says that he is the contractor for the carpenter work and material for the same on the buildings situated on the premises hereinafter described, and that the attached 'Exhibit A' is a just and true statement of the account due him, the said Anton Moore, from said James A. Parish, for said carpenter work, including material for same furnished said James A. Parish at the time in said statement mentioned, which various amounts are due and payable to the said Moore from and after the respective dates thereof; and affiant says that the labor and material in said statement mentioned were used in the construction of and improvement of brick buildings situate upon the following described premises in the county of Cook and State of Illinois, to-wit: Lots 1, 2, 3, 4 and 5, of subdivision of lots (23) and (24) by James A. Parish, of sub-block (1) of Hutchins' sub. of block (3) in sub. by ex'rs of E. K. Hubbard of E. ½ of S. W. ¼ in sec. (2); T. (38), N., R. 14, E. of the 3d P. M., in Cook county, otherwise known as 4401, 4403, 4405, 4407 and 4409 Berkeley avenue, Chicago. And affiant says that there is now due and owing to him, the said Anton Moore, from the said James A. Parish, at whose request said material and labor was furnished, as aforesaid, after allowing him all just credits, deductions and set-offs, the sum of $3753, for which amount said Anton Moore claims a lien upon the above described premises.          ANTON MOORE.

"Subscribed and sworn to before me this 24th day of March, A. D. 1891.      [SEAL.]     JAMES C. McSHANE, *Notary Public.*"

*(Exhibit-A.)*

"CHICAGO, ILL., *March 24, 1891.*

*"James A. Parish, to Anton Moore,*                                    *Dr.*

"To balance due for carpenter work and material for same, furnished under contract during a period commencing about May 1, 1890, and ending about January 15, 1891, $3753.00."

The master held this notice of claim to be insufficient, and refused to admit it in evidence. The solicitor for petitioner offered to support the allegations of the petition, in all other respects, by proof, but the master, having held that the notice was insufficient and that the claim for lien could not be sustained under any proof, reported to the court recommending a decree dismissing the petition for want of equity, at petitioner's costs. The court, on exceptions to the report, sustained the master.

The grounds of objection to this notice are, that it was void for want of dates and items showing what part or portion of the claim was for work and what for materials, and for want of a sufficient verification. The claim for lien required from the contractor is "a just and true statement or account or demand due him, after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit."

Under the contract set out in the petition in this case, the petitioner was to furnish the material and perform the labor in doing the carpenter work on the whole block of buildings, and there were no items to be set down forming an account. There were no distinctions between labor and material in the contract, and no price was fixed for either, nor for separate items of either. Under that contract there was no duty of the petitioner to keep an account of the items or to furnish them to the other party. In an action to enforce his rights he could not be called upon to prove the items of work or material, or the particular dates upon which each was furnished,

or the price. The entire job constituted but a single item, and the time when the material was furnished and labor performed was properly set forth by giving the period during which the contract was executed. (*Davis v. Hines,* 6 Ohio St. 473; *Thomas v. Heusman,* 10 id. 152; *Lee v. Burke,* 66 Pa. St. 336; *Fourth Baptist Church v. Trout,* 28 id. 153; Phillips on Mechanics' Liens, sec. 352; 2 Jones on Liens, sec. 418; *Bowman Lumber Co. v. Newton,* 72 Iowa, 90; *Hilliker v. Francisco,* 65 Mo. 598; *Wilson v. Merriman,* 48 Md. 328; *Wescott v. Bunker,* 83 Me. 499; *Doolittle v. Plenz,* 16 Neb. 153.) If, from the nature of the contract, there had been a running account, consisting of items of either labor or material, for which fixed prices were or should be charged, the rule might be different.

The cases of *McDonald v. Rosengarten,* 134 Ill. 126, and *Campbell v. Jacobson,* 145 id. 389, are relied upon as holding that this account should have been itemized. That question was not decided in either of those cases, but it was held that a claim for lien must comply with the statute by setting forth the times when the material was furnished or labor performed, and in the first case it was said: "The purpose of requiring the claim to set forth the times when such material was furnished or labor performed is, obviously, to enable those interested to know, from the claim itself, that it is such as can be enforced." It was not held in either case that the claimant was bound to state, in his notice of lien, any more than he would be bound to prove in order to enforce the lien. In this instance the time during which the contract was performed was substantially stated, affording such information as was required under the rule that it should be sufficient to enable those interested to know that it could be enforced.

But it is also argued that this case is taken out of the rule that under an entire contract for a stipulated sum the work and material need not be separated and itemized, by the fact that the work was not completed. Sec-

tion 11 of the Lien law provided that when the owner of the land should fail to perform his part of the contract, and by reason thereof the other party should, without his own fault, be prevented from performing his part, he should be entitled to a reasonable compensation for as much thereof as had been performed, in proportion to the price stipulated for the whole. It is claimed that under this section the petitioner must recover on a *quantum meruit*, and must state and prove the items. This, however, is not correct. The petitioner was performing a contract where it was neither required nor expected that he would keep an account of the items, and if kept, it would not afford a basis for determining the amount due him. The statute provided that he should recover a reasonable compensation for that part of the contract performed, in proportion to the price stipulated for the whole. When prevented from the further fulfillment of his contract the petitioner would have no way of making an account of the dates when he was engaged in performing his contract or of the separate items of materials furnished, and could not be expected to furnish such an account. His claim was to be adjusted according to the proportion of the entire contract performed, and there was no greater necessity for a bill of particulars than if his whole contract had been performed.

The affidavit is objected to on the ground that it does not state when the amount claimed became due. It sufficiently shows that the amount was due and payable from and after the date named in "Exhibit A." The affidavit stated that "Exhibit A" was a just and true statement of the account due the petitioner, and was a sufficient verification within the rule stated in *McDonald* v. *Rosengarten, supra.*

The claim for lien is also further objected to on the ground that one notice was not sufficient to include all the lots and the entire building embraced in the petition. It was stipulated by the parties before the master, that

the walls in the front and rear were continuous walls, and the building was divided into five residences by brick partition walls; that the carpenter work was to have been done under one contract made by defendant James A. Parish, the owner of the whole premises, with the petitioner, the contract being for all the carpenter work, without any separate amount designated for either house; that the petitioner worked on each at practically the same time, and that the contract for mason and cut stone work was also made as an entirety, without reference to any particular house. It being agreed that there was but one contract for the work done and materials furnished, and that it related to the block of buildings as an entirety, treated by the parties as one general piece of work, we think the notice sufficient. The mere artificial lines of division between the sub-lots on which the block stood would not control. But subsequent purchasers and incumbrancers have become interested in the different portions of the premises, and the lien should be apportioned and charged against the separate portions in such manner as will protect the equitable rights of all the parties to the proceeding. In *Blanchard* v. *Fried,* 162 Ill. 462, under somewhat similar conditions, we held that while the notice was sufficient the lien should be apportioned and charged *pro rata* against the several lots, and we think the same rule should prevail here.

The judgment of the Appellate Court and the decree of the circuit court will be reversed, and the cause will be remanded to the latter court, with leave to amend pleadings if desired, and for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*