## John Ehdin v. Francis T. Murphy et al.

1.  MECHANICS' LIENS—*Are Purely Statutory.*—A mechanic's lien is purely statutory and can be maintained and enforced only upon a compliance with the conditions imposed by the statute creating it.

2.  SAME—*Statement of Claim.*—Where the claim of the plaintiff is not for the gross price of an entire job, but for items of work done, the statement of claim, under section 4 of the mechanics' lien act of 1874, must show the date of the items.

Mechanic's Lien Proceedings.—Error to Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 15, 1897.

JOHN E. ANDERSON, attorney for plaintiff in error.

WILLIAMS, LINDEN, DEMPSEY & GOTT, attorneys for defendants in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

We will determine this case upon what we understand to be the law applicable to the claim of the plaintiff in error, without regard to any objections that could be urged against the consideration of the cause, based upon either the insufficiency of the record, or former appeal.

The plaintiff in error sought to establish a mechanic's lien upon premises which had been the property of one Annella Rood.

How the nearly forty defendants in error have become interested in the cause need not be detailed.

F. D. Rood was the husband of Annella. In 1892 this paper was made:

"CHICAGO, ILL., Dec. 28.

I agree to lay all common brick in the building to be erected by F. D. Rood at Forty-sixth street and Woodlawn avenue, according to the plans of F. J. Norton, for $5.50 per thousand, kiln counted, the walls to be continuous on the two sides of building. If air courts of wood are built in the sides, then I am to have $6 per thousand.

I will lay all stone foundations for $7 per cord, quarry measure, and also set all cut stone in front at fifteen cents per foot, all openings to be counted out. If pressed brick are laid on side walls, for twenty feet more or less, at the front, I am to have $18 per M. for laying the same, and will furnish the color for the laying.

Payments to be made every two weeks as work progresses. I furthermore agree to complete the mason work on said building within thirty working days.

JOHN ANDERSON & EHDIN.

Accepted: F. D. ROOD."

Thereafter, and before any work was begun, Anderson withdrew, and with the assent of the Roods, the plaintiff in error went on to perform the contract.

The verified statement filed by him with the clerk of the Circuit Court in attempted compliance with Sec. 4 of the act of 1874, as amended in 1897, was, so far as related to material and labor, as follows:

"Annella Rood and F. D. Rood, to John Ehdin, successor to Anderson & Ehdin, Dr.

To building and construction brick work, setting stone front, sills, etc., as per contract dated December 28, 1892, which said work was performed from said December 28, 1892, up and to the 2d day of June, 1893, upon the premises belonging to said Annella Rood and F. D. Rood, at Woodlawn avenue and Forty-sixth street, in the city of Chicago, more particularly described in claimant's affidavit herein.

$5,770.85

Credits ............................. 4,108.56

Balance due ......................... $1,662.29."

This case is not, like Moore v. Parish, 163 Ill. 93, one in which a gross price is fixed for doing an entire job, but the plaintiff in error could recover only upon proof of items, and therefore his statement—to comply with the section cited—must show those items. Campbell v. Jacobson, 145 Ill. 389.

We need not consider any other feature of the case. The plaintiff in error failed in a condition precedent to his lien, and the decree denying him a lien is affirmed.