HILL BEHAN LUMBER COMPANY, Counterplaintiff-Appellant, *v.* IRVING FEDERAL SAVINGS & LOAN ASSOCIATION *et al.*, Counterdefendants-Appellees.

First District (1st Division)   No. 82—2023

Opinion filed January 23, 1984.

Daidone & Daidone, of Chicago (Benjamin Daidone, of counsel), for appellant.

Ned Langer, of Chicago, for appellee Irving Federal Savings & Loan Association.

Susan E. Woods, of Chicago, for appellee Chicago Title Insurance Co.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Counterplaintiff-appellant, Hill Behan Lumber Company (Hill Behan), appeals from the judgment of the circuit court of Cook County in favor of the counterdefendants-appellees, Irving Federal Savings & Loan Association (Irving) and Chicago Title Insurance Company (CTIC) in an action to foreclose a mechanic's lien. We affirm in part

and reverse in part.

The relevant facts are as follows. In March 1981, Irving filed a complaint to foreclose a mortgage on certain property in a subdivision known as Roundtree Commons in Elk Grove Village, Illinois. In its foreclosure action, Irving named as defendants Louis S. Kulma, Inc. (Kulma), a junior lienholder under a recorded trust deed (Kulma trust deed) covering the subject premises, and Hill Behan, a sub-subcontractor who provided lumber and other building materials used for construction of improvements on said premises. Hill Behan subsequently counterclaimed to foreclose a mechanic's lien against each of the three townhouse units constructed on the aforementioned property in the total amount of $38,567.59. Hill Behan named Irving and Kulma as defendants. CTIC, as assignee of a note from Kulma secured by the Kulma trust deed, filed a petition for and was granted leave to intervene.

Irving and CTIC subsequently filed motions to strike and dismiss Hill Behan's counterclaim. They alleged that Hill Behan failed to notify them of its claim within 90 days after completion of its work as required under section 24 of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 24). In September 1981, Hill Behan filed an amended answer and counterclaim against Irving and CTIC. Irving and CTIC subsequently moved to apply their motions to strike and dismiss to Hill Behan's amended counterclaim.

On July 15, 1982, the trial court entered an order dismissing Hill Behan's amended counterclaim as to Irving and CTIC. The dismissal was predicated on the court's determination that Hill Behan failed to comply with the section 24 90-day notice requirement. On August 6, 1982, Hill Behan filed a motion seeking to vacate the trial court's order of July 15, to add additional party defendants, and to file a second amended counterclaim. On August 9, 1982, the trial court entered an order denying the motion. Hill Behan appeals from the orders entered July 15 and August 9.

The question before us is whether the trial court correctly determined that Hill Behan had no right to a mechanic's lien as against Irving and CTIC. In resolving this issue, we must look to the language of section 24 of the Mechanics' Liens Act, which provides in pertinent part:

> "Subcontractors, or party furnishing labor or materials, may at any time after making his contract with the contractor, and shall within 90 days after the completion thereof *** cause a written notice of his claim and the amount due or to become due thereunder, to be sent by *** mail *** to or personally

served on the owner of record or his agent \*\*\* *and to the lending agency, if known*; \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 82, par. 24.)

Service of the section 24 notice has been described as a precedent to the creation of a lien under the Act. (*Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 140, 224 N.E.2d 602.) We note that in 1969 section 24 was amended to include the words "lending agency, if known." Prior to 1969, a subcontractor was only required to serve the section 24 90-day notice on the owner; it was not necessary to serve such notice on the lender. Hill Behan failed to allege that it served the section 24 notice on Irving or CTIC, the lending agencies in this case.

## I

■ On appeal, Hill Behan first challenges the constitutionality of section 24 of the Mechanics' Liens Act, alleging that the words "lending agency, if known" are unconstitutionally vague and ambiguous. Hill Behan, however, concedes that it failed to raise this issue during the proceedings below. Consequently, this issue is waived for purposes of appeal. *Department of Transportation v. Collins* (1979), 69 Ill. App. 3d 269, 387 N.E.2d 6; *Hah v. Stackler* (1978), 66 Ill. App. 3d 947, 383 N.E.2d 1264.

## II

■ We next turn to Hill Behan's contention that it was not required to serve the 90-day notice under section 24 on Irving and CTIC because it had no actual knowledge of Irving's or CTIC's interest in the subject property. With regard to this argument, the trial court found that the Act's requirement of service on the "lending agency, if known" is the equivalent of service on the lending agency if discoverable by the subcontractor through searching title recording records. Accordingly, the trial court ruled that Hill Behan was bound to search the public records for the recording of any interest by any person in the subject property and that it had constructive notice of any such recordings. We concur with this ruling, since a contrary interpretation would defeat the purpose of the recording act (Ill. Rev. Stat. 1981, ch. 30, par. 29). The recording act provides that "[a]ll deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record \*\*\* as to all creditors and subsequent purchasers without notice; \*\*\*." Ill. Rev. Stat. 1981, ch. 30, par. 29.

We note that in the amended counterclaim to foreclose its mechanic's lien, Hill Behan recites a completion date of February 29,

1980. Pursuant to section 24 of the Mechanics' Liens Act, Hill Behan was therefore required to give notice of its claim within 90 days subsequent to this specified completion date not only to those actually known to have an interest in the subject property but also to those constructively known. By virtue of Irving's recordation of its mortgage on August 23, 1977, Hill Behan had constructive notice of Irving's interest in the subject property nearly three years prior to the expiration of the period for serving notice. The record also reveals that the Kulma trust deed was recorded on April 28, 1978. Thus, CTIC's interest, as the holder of a note secured by the Kulma trust deed, was represented of record and, therefore, known for two years prior to the expiration of the time Hill Behan had for service of the section 24 notice. Hence, both Irving and CTIC were known lending agencies and required to be served with notice pursuant to section 24.

### III

Hill Behan next argues that section 24 excuses a subcontractor from serving the 90-day notice on the lending agency where the subcontractor is listed on a contractor's sworn statement filed with the owner. As previously noted, section 24 requires that subcontractors or a party furnishing labor or materials shall, within 90 days after the completion of the work,

> "cause a written notice of his claim and the amount due or to become due thereunder, to be sent by *** mail *** to or personally served *on the owner of record or his agent *** and to the lending agency, if known*; ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 82, par. 24.)

Section 24 further provides that

> "*such notice shall not be necessary when the sworn statement of the contractor or subcontractor* provided for herein *shall serve to give the owner notice* of the amount due and to whom due ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 82, par. 24.)

Pursuant to the above-quoted language, this court has held that a subcontractor need not prove he served the 90-day notice *on the owner* if he proves that the owner had notice of his claim and of the amount due him in the contractor's sworn statement to the owner. *Krack Corp. v. Sky Valley Foods, Inc.* (1971), 133 Ill. App. 2d 469, 471, 273 N.E.2d 202.

We have found no case law dispositive as to whether the contractor's sworn statement to the owner listing the subcontractor satisfies the section 24 notice requirement as to the lender. Here, the trial

court in its order of July 15, 1982, found that the statutory language excusing the service of the 90-day notice did not extend to the lender.

After carefully reviewing section 24, we are compelled to disagree with the trial court. The words excusing "such notice," when construed within the entire context of section 24, refer to the 90-day notice required for both the owner and lender—not merely the owner. In making this determination, we note that the sworn statement was available as an alternative to the 90-day notice prior to the 1969 amendment, when no notice of any kind was required to be sent to the lender. This alternative places the burden on the owner to convey information to the lender if either the owner or lender so desire the information or require it in their own agreement. The 1969 amendment did not affect that alternative, nor require the lender be served with the sworn statement. Absent such a statutory requirement, the burden of notice to the lender, when the contractor's sworn statement is properly submitted, is not on the subcontractor. If the legislature intended the contractor's sworn statement to excuse the 90-day notice requirement only as to the owner, it would have expressly so provided. This court cannot add words to a statute to change its meaning. *People ex rel. Petty v. Community High School District No. 128* (1964), 50 Ill. App. 2d 445, 200 N.E.2d 609.

In the case at bar, the record reveals that Hill Behan was listed on a sworn statement dated December 5, 1978, which was submitted by S.S. & E. Builders, Inc., the subcontractor for the project who, in turn, subcontracted with Hill Behan for building materials. The sworn statement indicates that Hill Behan had a contract for $25,000, had received payment of $10,204.65, and had a balance due of $14,795.35. The record discloses that this sworn statement was submitted to Chicago Title & Trust Company (CT&T), as the escrow trustee under a construction loan escrow agreement dated February 16, 1979, between Irving and the owners. Hill Behan contends that CT&T, as escrowee under this escrow agreement, served as the dual agent of the owner and Irving for serving the statutory notice and, therefore, the filing of the sworn statement with CT&T excused the requirement of service of the section 24 90-day notice as to Irving. Consequently, Hill Behan argues that the trial court erred in denying it leave to file a second amended complaint to add CT&T as a party defendant as the escrow trustee under the escrow agreement and to allege the existence of an agency relationship.

The escrow agreement, a copy of which is incorporated as part of the record, authorizes CT&T to disburse funds to pay costs of construction of improvements erected on the subject premises and to ob-

tain releases and satisfaction of liens and any other encumbrances, if any, pursuant to statements of amount due. Significantly, the agreement specifically states that prior to each disbursement of funds, CT&T was to be furnished a sworn general contractor's statement setting forth in detail all contractors and material suppliers, their addresses, amounts of current payment, and balance due, if any. The agreement further stipulates, among other things, that CT&T was to furnish title insurance to cover the liens of mechanics, obtain from the owners prior to disbursement a statement that no additional contracts had been let since submission of the last owner's statement, and obtain a report or certificate from Irving that it had inspected the work completed as requested in the payout.

■■ We note that Hill Behan's first amended complaint failed to allege that the sworn statement was submitted to CT&T as agent for Irving and the owner, thereby excusing the 90-day notice requirement as to Irving. Since the first amended complaint failed to allege service of the 90-day notice, the trial court properly determined that it failed to state a cause of action as against Irving. (*Vanderlaan v. Berry Construction Co.* (1970), 119 Ill. App. 2d 142, 255 N.E.2d 615.) However, it is well established that a cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, *and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated. (Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 230 N.E.2d 702.) Here, in view of the terms of the escrow agreement, it is not apparent that even after amendment no cause of action can be stated as against Irving. Accordingly, we find the trial court erred in denying Hill Behan leave to file a second amended complaint to add CT&T, as escrow trustee, as a party defendant and to set forth facts alleging the existence of an agency relationship between CT&T, Irving and the owners. We wish to make it clear, however, that in the event the trial court determines from Hill Behan's second amended complaint that an agency relationship existed between CT&T, Irving and the owners, the maximum amount Hill Behan would be entitled to on its mechanic's lien would be $14,795.35, the amount listed on the sworn statement of December 5, 1978. *Sanaghan v. Lawndale National Bank* (1967), 90 Ill. App. 2d 254, 263, 232 N.E.2d 546; Ill. Rev. Stat. 1981, ch. 82, par. 24.

We also briefly note that Hill Behan alleges it sent a letter by certified mail to CT&T, notifying the escrowee that as of June 1980 a balance of $38,754.47 was due Hill Behan for delivery of material to the subject premises. Section 24, however, sets forth specific require-

ments as to the form and substance of notice. The letter in question failed to comply with these requirements and therefore was a nullity as far as section 24 is concerned. See *LaCrosse Lumber Co. v. Grace Methodist Episcopal Church* (1913), 180 Ill. App. 584, 589-90.

## IV

Hill Behan next contends that the trial court erred in granting CTIC's motion to dismiss its counterclaim because it made findings, without affidavit or evidence, that the legal description in the assignment of the trust deed to CTIC and the legal description in the amended counterclaim and claims for lien of Hill Behan pertain to the same property.

In addressing this argument, we first note that the trial court's orders of July 15, 1982, and August 9, 1982, fail to contain the findings referred to by Hill Behan. These are the only two orders from which Hill Behan now appeals. In granting CTIC's motion to dismiss, what the trial court did determine was that, regardless of the legal descriptions used in the amended counterclaim and liens, Hill Behan failed to state a cause of action against CTIC because it did not allege compliance with the notice requirements set forth in section 24.

Second, contrary to Hill Behan's assertion, a motion to dismiss pursuant to section 48 of the Civil Practice Act (now codified as section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619)) is not required to be supported by affidavit, nor must evidence be presented where the defect appears on the face of the pleadings. (*Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 508, 428 N.E.2d 608.) Here, the basis of CTIC's motion to dismiss, which was brought pursuant to section 48, appears on the face of the pleadings. The motion asserted that Hill Behan's amended counterclaim failed to allege service of a subcontractor's 90-day notice on Kulma, the trustee under the recorded trust deed, or on the holder of the note secured by that trust deed. A party seeking to foreclose a mechanic's lien is required to allege facts showing that he has performed all steps prescribed by statute in order to perfect the lien he seeks to enforce; service of the section 24 90-day notice is one of those steps and is a condition precedent to the cause of action. (*Suddarth v. Rosen* (1967), 81 Ill. App. 2d 136, 140, 224 N.E.2d 602.) When a complaint seeking to enforce a mechanic's lien fails to contain the necessary allegation of service of a section 24 90-day notice, it does not state a cause of action and it is not error to grant a defendant's motion to dismiss. (*Vanderlaan v. Berry Construction Co.* (1970), 119 Ill. App. 2d 142, 255

N.E.2d 615.) Here, Hill Behan, in failing to allege service of a subcontractor's 90-day notice, did not state a cause of action as against CTIC in its counterclaim. Accordingly, the trial court did not err in granting CTIC's motion to dismiss. However, as established above, a sworn statement dated December 5, 1983, was served on CT&T, as escrow trustee, the alleged agent of the owners. Consequently, it is not apparent that even after amending the counterclaim no cause of action can be stated against CTIC. (See *Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 230 N.E.2d 702.) Accordingly, we find that the trial court erred in denying Hill Behan leave to file a second amended counterclaim against CTIC to allege the existence of such an agency relationship, thereby excusing the service of the 90-day notice. As with Irving, however, Hill Behan would not be excused from serving the 90-day notice as to any amount over the $14,795.35 shown on the sworn statement.

## V

Lastly, we address Hill Behan's contention that the trial court erred in denying it leave to amend its counterclaim to add CTIC as a party defendant as assignee of the Kulma trust deed and note. In view of the preceding discussion, we believe that Hill Behan should be permitted to so amend its counterclaim.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part and reversed in part, with instructions to remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

McGLOON and GOLDBERG, JJ., concur.