INTERSTATE ELECTRIC SUPPLY COMPANY, Plaintiff, v. CONTRACTORS AND ENGINEERS, INC., Defendant and Counterplaintiff-Appellant (First Bank of Oak Park, Trustee, Defendant and Counterdefendant-Appellee).

First District (5th Division) No. 84—2519

Opinion filed December 1, 1986.

Joe R. Milburn, of Kanter & Mattenson, Ltd., of Chicago, for appellant.

Richard Indyke, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff brought suit against defendant corporation and defendant bank to foreclose an alleged mechanic's lien on a certain improved real estate. Defendant corporation, in turn, filed a counterclaim against its codefendant bank to foreclose its mechanic's lien on the same property. In granting counterdefendant's motion for involuntary dismissal, the trial court specifically extinguished counterplaintiff's mechanic's lien claim. This appeal is taken from the aforementioned dismissal order, as well as the trial court's subsequent denial of counterplaintiff's motion to vacate the same. For the reasons stated herein, the cause is reversed and remanded to the trial court for further proceedings.

This appeal involves two mechanic's lien foreclosure actions: the instant cause and one entitled Cold Spring Granite Co. v. Pioneer Development Corp. (hereinafter referred to as the Cold Spring case.) Although both suits were pending at the same time in the circuit court of Cook County with regard to certain improved real estate located in River Grove, Illinois, the mechanic's lien claim involving counterplaintiffs here was filed three years after the Cold Spring case was initiated.

The instant suit is the direct result of a complaint filed on March 23, 1981, by Interstate Electric Supply Company (hereinafter referred to as Interstate) against Contractors and Engineers, Inc. (hereinafter referred to as Contractors and Engineers), and the First Bank of Oak Park (hereinafter referred to as the bank) to foreclose a mechanic's lien. On June 16, 1981, Contractors and Engineers filed a counter-

claim against codefendant bank, owners of the subject property as trustees and mortgagees, to foreclose its mechanic's lien in the amount of $379,130. Humboldt Glass Company (hereinafter referred to as Humboldt Glass), another mechanic's lien claimant in this suit and a party in the Cold Spring case, was also served with Contractors and Engineers' counterclaim. Humboldt Glass was subsequently held by order of court to be in default for failure to plead or answer.

On October 30, 1981, the trial court entered a decree of foreclosure and sale finding, *inter alia*, that Contractors and Engineers had a valid mechanic's lien claim on the subject real estate for work performed thereon. The bank next petitioned the court, pursuant to section 72, to vacate said decree of foreclosure and sale. On January 18, 1982, however, the court merely vacated the default order entered against the bank,[1] made certain modifications to the decree of foreclosure and sale, and continued the sheriff's sale of the subject property, scheduled to be held on December 16, 1981, until further order of the court.

Humboldt Glass, meanwhile, also filed motions to vacate the default order entered against them, to quash service of summons, and to vacate the decree of foreclosure and sale. On January 19, 1982, the court not only denied all such motions but further explained the effect of its decision to vacate the default order entered against the bank on the decree of foreclosure and sale. At the request of counsel for Contractors and Engineers, the trial judge clarified that although he was staying the sale order to allow the bank, owner of the subject property, additional time in which to prove its allegations, the decree of foreclosure and sale itself would remain in effect. The judge thereafter entered a second decree granting the bank its motion to vacate the default order. However, no order was ever entered vacating the decree of foreclosure and sale.

On September 3, 1982, the bank moved to consolidate the instant cause with the Cold Spring case. Said motion was denied as were subsequent motions filed by both the bank and Humboldt Glass to vacate the decree of foreclosure and sale. The court further declared that the January 18, 1982, judgment as amended or modified would stand as security for future orders, judgments, or amendments.

On January 28, 1983, the court granted Humboldt Glass a mechanic's lien on the subject real estate in the amount of $32,500 in the Cold Spring case. Humboldt Glass then petitioned the court to preserve its judgment and lien priority in the instant cause of action.

---

[1]The default had no bearing on the bank's capacity as trustee of the property.

Said petition was granted and on February 10, 1983, the decree of foreclosure and sale entered in the instant cause on October 30, 1981, was amended to add a paragraph acknowledging the judgment and lien priority entered in favor of Humboldt Glass in the Cold Spring case.

On March 29, 1983, Humboldt Glass obtained a judgment of foreclosure and sale in the Cold Spring case. Said decree specifically provided in relevant part:

"F. that the period of redemption shall expire six (6) months after said Sheriff's Sale, and that thereafter Defendants in this cause and all persons claiming under them, or either of them, shall be forever barred and foreclosed from all right to redeem and claim an interest in and to said premises ***."

On July 26, 1983, Humboldt Glass proceeded with the sale of the property. Both the sale and distribution resulting therefrom were approved by order of the court.

On or about March 27, 1984, the bank moved to dismiss Contractor and Engineers' mechanic's lien claim in the instant case. In said motion, counterdefendant argued that since Humboldt Glass had obtained an order of foreclosure and sale of the subject property in the Cold Spring case, and since the period of redemption from said sale had expired January 27, 1984, all parties to the instant action, including Contractors and Engineers, had been divested of ownership and their lien claims extinguished. Contractors and Engineers contended that not only had it not been a party in the Cold Spring proceedings, but that its lien claim had been recorded more than two years prior to the entry of the March 29, 1983, judgment of foreclosure and sale in favor of Humboldt Glass in that case. Contractors and Engineers further maintained in their answer to the bank's motion for involuntary dismissal that the decree entered pursuant to the Cold Spring proceedings specifically applied to the party defendants named therein and, as such, could not affect its claim in the instant action. After conducting a hearing on the matter, the court entered judgment in favor of the bank and specifically extinguished Contractors and Engineers' mechanic's lien claim.

Contractors and Engineers next moved to vacate said order of dismissal on the grounds that: (1) the court failed to take into consideration the fact that a stay order had been entered in the instant case which effectively precluded all interested parties from proceeding with a sale of the subject property; (2) Humboldt Glass, by virtue of petitioning the court to include its mechanic's lien claim in the decree of foreclosure and sale entered in the instant case, became subject to

the stay; (3) in light of the pending prohibition to proceed with said sale in the instant case, Humboldt Glass' action to proceed with the sale of the property in the Cold Spring case was improper and void; (4) the trial judge explicitly informed counsel for Contractors and Engineers on January 10, 1982, that the court's decision to vacate the default order entered against the bank had no bearing on its decree staying the sale of the property. Following a hearing on said matter, the trial court denied Contractors and Engineers' motion to vacate.

OPINION

Contractors and Engineers advance two arguments to support its contention that neither the decree obtained by Humboldt Glass nor the subsequent sale in the Cold Spring case should have been held by the trial court to have extinguished its mechanic's lien claim in the instant cause of action. It is first maintained that since Contractors and Engineers was never made a party to the Cold Spring case, the proceedings and orders resulting therefrom should not be allowed to affect the subject claim. Counterplaintiffs further argue that the sale in the Cold Spring case was improper since it was conducted in contravention of an apparent stay order which Humboldt Glass had been made subject to as result of petitioning the court to include its lien in the decree of foreclosure and sale entered in the instant case.

We initially consider whether the decree and subsequent sale in the Cold Spring case affected the lien claim brought by Contractors and Engineers in the present action.

■■ Illinois courts have long established that all parties interested in the property in which a mechanic's lien foreclosure action is brought must be joined and be made part of the proceedings so that the court can properly deal with all of the equities and render a proper, binding decree. (*Granquist v. Western Tube Co.* (1909), 240 Ill. 132, 88 N.E. 468; *Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 273 N.E.2d 654; *Rochelle Building Co. v. Oak Park Trust & Savings Bank* (1970), 121 Ill. App. 2d 274, 257 N.E.2d 542; *Henry DeCicco & Co. v. Drucker* (1968), 101 Ill. App. 2d 340, 243 N.E.2d 456.) In *Hopkins v. Roseclare Lead Co.* (1874), 72 Ill. 373, 378, the Illinois Supreme Court stated:

> "It is the policy of the law to prevent a multiplicity of suits, and, where the rights of all persons may be settled in one proceeding, the parties should not be harassed by other proceedings."

Further, it is the duty of the plaintiff to ensure that all necessary parties have been properly brought before the court. (*Granquist v. West-*

*ern Tube Co.* (1909), 240 Ill. 132, 88 N.E.2d 468.) Failure to make all such persons interested in the land parties to the action will cause any decree of foreclosure and sale entered in subsequent proceedings not to be binding on said individuals' interests. *Becker v. Fink* (1917), 206 Ill. App. 218.

That Contractors and Engineers was an interested party in the Cold Spring case is indisputable. On October 30, 1981, the trial court in the instant case expressly found that Contractors and Engineers had a substantial lien claim in the subject real estate. Under the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 11) parties in interest includes:

> "persons entitled to liens [under the Act] whose claims are not, as well as are, due at the time of the commencement of suit, *** also all persons who may have any valid claim to the whole or any part of the premises upon which a lien may be attempted to be enforced *** or who are interested in the subject matter of the suit."

Accordingly, Contractors and Engineers should have been brought before the court and made part of the Cold Spring proceedings.

■ Further, there is ample evidence in the record that for almost two years prior to obtaining its judgment in the Cold Spring case Humboldt Glass was put on notice of Contractors and Engineers' substantial lien claim against the subject property. On July 20, 1981, Humboldt Glass was served with summons and Contractors and Engineers' counterclaim to foreclose its mechanic's lien. Humboldt Glass then proceeded for the next couple of years to file and lose various motions, including those to quash service of summons and to vacate a default order and the decree of foreclosure and sale entered in the instant case. Under the provisions of the Mechanics' Liens Act (Ill. Rev. Stat. 1981, ch. 82, par. 11), such knowledge of the pending claim and interest created a mandatory obligation on the part of Humboldt Glass to make Contractors and Engineers a party to the Cold Spring case. Humboldt Glass, however, not only did not include Contractors and Engineers specifically, but also failed to generally name "unknown owners or lien claimants" in its pleadings.

Finally, the decree of foreclosure and sale entered pursuant to the Cold Spring proceedings specifically provided:

> "F. That the period of redemption shall expire six months after said Sheriff's sale, and that thereafter *the defendants in this cause and all persons claiming under them, or either of them,* shall be forever barred and foreclosed from all right to redeem and claim an interest in and to said premises, and every part

and parcel thereof which shall have been sold as aforesaid and which shall not have been redeemed according to law." (Emphasis added.)

That order, by its very terms, cannot apply to or affect the interest of Contractors and Engineers in the property since it was neither a "defendant in the cause" nor a "person claiming under them." Accordingly, neither the decree nor the subsequent sale extinguished the lien claim brought by Contractors and Engineers in the present action.

■ We next consider whether the sale conducted in the Cold Spring case was improper.

On January 18, 1982, the trial court in the instant case entered an order providing that the sale of the subject real estate, scheduled pursuant to the October 30, 1981, decree of foreclosure and sale, was to be "continued until further order of the court." Although there is no specific mention to the word "stay," we believe the order clearly operated to prevent all parties before the court from proceeding with a sale of the property until the case had either been tried or settled. Indeed after the aforementioned order was entered, the court took no steps to reschedule the sheriff's sale. When another lien claimant, who had obtained a separate decree of foreclosure, moved to proceed with the sale of the subject property the court preferred to take the motion under advisement until final disposition of the case was had. There is no reason to believe that the court would have chosen to proceed differently in the case of Humboldt Glass. A stay prohibiting any sale of the subject real estate was thus clearly in effect at the time the Cold Spring sale was conducted.

■ For the sale to have been improper, however, Humboldt Glass must have had to submit to the jurisdiction of the trial court and specifically have made itself subject to the October 30, 1981, decree of foreclosure and sale entered here. The record reveals that Humboldt Glass did, in fact, undertake certain actions which subjected it to all orders, including the January 18, 1982, order entered in this cause. On January 28, 1983, the court in the Cold Spring case granted Humboldt Glass its lien claim on the subject real estate. Shortly thereafter, Humboldt Glass succeeded in having said lien claim be made a part of the October 30, 1981, decree of foreclosure and sale entered in the instant cause of action. Having subjected itself to the jurisdiction of the court by virtue of undertaking the aforesaid actions, Humboldt Glass cannot now claim that it is not amenable to the orders issued forth by that same court. When a court has jurisdiction over the subject matter and the parties to the proceedings, its orders must be obeyed until

such time as they are set aside by the issuing or reviewing court. (*Faris v. Faris* (1966), 35 Ill. 2d 305, 220 N.E.2d 210.) There is no evidence here that there were any subsequent orders of the court rescheduling a sale of the property. Humboldt Glass thus obtained a decree of foreclosure and sale and proceeded to said sale while still a party to the instant action and without seeking the permission of the trial court. This blatant attempt to circumvent the stay order was done in clear violation of the court and as such cannot be condoned. Accordingly, the sale conducted in the Cold Spring case was improper and did not extinguish Contractors and Engineers' mechanic's lien claim.

The judgment entered below is reversed and the cause is remanded to the trial court for further proceedings.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.